Mayra **TORRES–NEGRON,** et al., **Plaintiff(s),**

v.

**RAMALLO BROTHERS PRINTING, INC., Defendant.**

**Civil No. 99–1643 (JAG).**

United States District Court, D. Puerto Rico.

April 27, 2002.

Carlos M. Vergne-Vargas, San Juan, PR, for plaintiffs.

Miguel E. Bonilla-Sierra, San Juan, PR, for defendants.

## MEMORANDUM AND ORDER

GARCIA-GREGORY, District Judge.

This CAUSE is before the Court for consideration of the Magistrate-Judge's Report and Recommendation recommending that plaintiffs' motion for summary judgment be **GRANTED** and defendant's motion for partial summary judgment be **GRANTED**. (Docket No. 18). All parties previously have been furnished copies of the report and recommendation and have been afforded an opportunity to file objections pursuant to Section 636(b)(1), Title 28, United States Code.

Upon consideration, of the report and recommendation of the Magistrate Judge, all objections thereto timely filed by the parties and upon this Court's independent examination of the file, it is determined that the Magistrate Judge's report and recommendation should be adopted.

Accordingly, it is now **ORDERED:**

(1) The Magistrate Judge's report and recommendation is adopted and incorporated by reference in this Order of the Court.

(2) Torres' motion for summary judgment is **GRANTED** in part, inasmuch as Ramallo violated its duties under COBRA.

(3) Ramallo's motion for partial summary judgment is **GRANTED** and plaintiff's claim for compensatory damages is **DISMISSED.**

■ (4) The Court awards $45 per day, per beneficiary, in statutory damages for the 271 days that Ramallo was in violation of COBRA.

(5) The Court awards costs and attorney fees. Counsel for the plaintiff should submit a schedule of fees and costs for the Court's review.

IT IS SO ORDERED.

## MAGISTRATE'S REPORT AND RECOMMENDATION

ARENAS, United States Magistrate Judge.

Plaintiffs Mayra Torres Negron ("Torres") and her minor son Jeanvier Marrero Torres have brought this action against defendant Ramallo Brothers Printing Inc., (hereinafter "Ramallo"), alleging that Ramallo violated the "Consolidated Omnibus Budget Reconciliation Act," 29 U.S.C. §§ 1161–1168 (COBRA), when it failed to give plaintiffs notice of entitlement to elect to continue their health care coverage upon Torres' termination from employment with Ramallo. Torres seeks to recover civil penalties, damages, attorney's fees and costs based on defendant Ramallo's failure to provide her with the statutorily mandated COBRA notice.

Plaintiffs filed a motion for summary judgment on October 1, 1999 (Docket No. 5) arguing that the defendant failed to notify her in a timely manner of her rights under COBRA and that she is entitled to judgment in her favor. The defendant responded to the motion and filed a cross motion for partial summary judgment on November 10, 1999. (Docket No. 8.) The matters were referred to me for a report and recommendation on August 17, 2000.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Government Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of the suit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank*, 54 F.3d 27,31 (1st Cir. 1995); *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry.Co. v. Canadian Pac. Ltd.*, 133 F.3d 103, 106 (1st Cir.1997). Both Torres and Ramallo have filed cross-motions for summary judgment relative to the COBRA claim. That both parties have moved simultaneously for summary judgment does not relax the Rule 56 standards. *See Blackie v. Maine*, 75 F.3d 716, 721 (1st Cir.1996). I thus will consider each motion separately, drawing inferences against each movant in turn.

## FACTUAL BACKGROUND

Plaintiff Torres was employed by defendant Ramallo as Human Resources Director from November 8, 1997 until July 31, 1998, when she was terminated. During the term of her employment, Torres and her minor child were participants in the group health plan maintained by Ramallo through Cruz Azul de Puerto Rico, Inc. Plaintiffs allege, and defendant does not contest, that upon Torres' termination she was not provided with proper notice of her right to elect continuation coverage of her health plan as required by COBRA. Moreover, Torres alleges that while employed at Ramallo, she had explained on various occasions to her employer, specifically to Mr. Esteban Ramallo, the company's duty to notify all former employees about their rights under COBRA to no avail. Only after Torres initiated the present lawsuit, on June 10, 1999, did defendant Ramallo provide her with a COBRA notice on June 25, 1999.

## COBRA

### I. An overview

■ COBRA requires that an employer provide an employee and other "qualified beneficiaries," with the option of electing continuation coverage under the same terms of the employer's health plan after the occurrence of a "qualifying event" which would otherwise end employee's health insurance coverage. 29 U.S.C. § 1161; *see Gaskell v. Harvard Co-op. Soc'y*, 3 F.3d 495, 496 (1st Cir.1993).[1] Among the "qualifying events" mentioned in the statute is the termination of employment. 29 U.S.C. § 1163(2). It is undisputed that a "qualifying event" occurred

---

1. COBRA requires employers to provide employees with two notices relative to their rights under the Act: (1) at the commencement of the employee's coverage under the plan, and, (2) when a "qualifying event" oc-curs, such as termination of employment. *See* 29 U.S.C. § 1 166(a)(1), (a)(2). At issue in the present situation is Ramallo's failure to provide Torres with her second COBRA notice upon her termination.

on July 31, 1998, when plaintiff Torres terminated her employment relationship with defendant Ramallo.

In the event of a covered employee's termination, COBRA stipulates that an employer must notify the administrator of the group health care plan within thirty days. 29 U.S.C. § 1 166(a)(2). The administrator then has fourteen days to notify the qualified beneficiary of his/her right to continue coverage. 29 U.S.C. § 1166(a)(4). A qualified COBRA beneficiary may elect continuation coverage within sixty days of the qualifying event or of notice of the qualifying event, whichever is later. *Local 217, Hotel & Restaurant Employees Union v. MHM, Inc.*, 976 F.2d 805, 809 (2nd Cir.1992). Continued coverage extends for a maximum period of eighteen months thereafter. 29 U.S.C. § 1162(2)(A)(i).

## II. Notification Requirements

■ COBRA requires employers to provide notice to covered employees and all "qualified beneficiaries" informing them that continued health care coverage under their current plan is an option. See 29 U.S.C. § 1166; *see also Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1382 (10th Cir.1997). "Providing appropriate notice is a key requirement under COBRA." *Lincoln Gen. Hosp. v. Blue Cross/Blue Shield of Nebraska*, 963 F.2d 1136, 1139 (8th Cir.1992). In an action for benefits under COBRA, the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee. *See Stanton v. Larry Fowler Trucking, Inc.*, 52 F.3d 723, 728–29 (8th Cir.1995). I assume that defendant Ramallo, the employer, is also the plan administrator given that it has set forth no evidence to the contrary. Therefore, under COBRA, Ramallo had a duty to notify Torres and her son, both of whom were "qualified beneficiaries," about their right of continuation coverage under the health plan.

"Unfortunately, COBRA contains no specific requirements as to the manner in which notice must be given.... [The] courts that have addressed the issue have held that 'a good faith attempt to comply with a reasonable interpretation of the statute is sufficient.'" *Smith v. Rogers Galvanizing Co.*, 128 F.3d at 1383–84 (citing *Lawrence v. Jackson Mack Sales, Inc.*, 837 F.Supp. 771, 782 (S.D.Miss.1992), *aff'd*, 955 F.2d 1574 (11th Cir.1992) ("courts have generally validated methods of notice which are calculated to reach the beneficiary"); see also H.R.Rep. No. 453, 99th Cong., 1st Sess. 563 (pending promulgation of regulations defining what will constitute adequate notice, "employers are required to operate in good faith compliance with a reasonable interpretation" of COBRA's requirements)). Courts have generally approved the employer's methods of giving notice where those methods are reasonably calculated to reach the employee. For example, employers have been found in compliance with section 1166(a) when they send COBRA notices via first class mail to the last-known address of an employee. *See Myers v. King's Daughters Clinic*, 912 F.Supp. 233, 236 (W.D.Tex.), *aff'd*, 96 F.3d 1445 (5th Cir.1996) (citing *Truesdale v. Pacific Holding Co./Hay Adams Div.*, 778 F.Supp. 77, 81–82 (D.D.C.1991)).

■ The compulsory character of COBRA's notification requirement has been repeatedly upheld by federal courts, even where the qualified beneficiary had received the initial COBRA notice at the commencement of his/her coverage, or where the employee had personal knowledge of his/her COBRA rights. *See Mlsna v. Unitel Communications, Inc.*, 41 F.3d 1124, 1129 (7th Cir.1994). Even where the former employee's duties during employ-

ment included the distribution of COBRA notices, as would have been the case with Torres, the employer is not excused from providing that employee with the required COBRA notice. *Id.* at 1130. "The fact that [a plaintiff] was given notice of [her] COBRA rights at the commencement of [her] insurance plan ..., in no way relieves the plan administrator of the second round of notice obligations under [COBRA] after a qualifying event ... [Plaintiff's] personal knowledge of [her] COBRA rights likewise does not nullify the administrator's statutory duty to give notice upon termination." *Phillips v. Riverside, Inc.,* 796 F.Supp. at 409.

In addition, courts have found that notice to a covered employee (such as Torres) may constitute sufficient notice to all other beneficiaries of the plan living at the same address. *See Conery v. Bath Assocs.,* 803 F.Supp. 1388, 1399 (N.D.Ind. 1992); *see also Van Hoove v. Mid–Am. Bldg. Maintenance, Inc.,* 841 F.Supp. 1523, 1534 (D.Kan.1993); *Jachim v. KUTV, Inc.,* 783 F.Supp. 1328, 1333 (D.Utah 1992). Defendant Ramallo failed to comply with its statutorily imposed duty to notify Torres of her rights under COBRA and consequently violated COBRA's notice requirements as to Torres' son, Jeanvier, as well.

The material facts indisputably show that Ramallo failed to comply with COBRA's notification requirements. Whether or not Torres had knowledge of her rights under COBRA is irrelevant. I therefore recommend that Torres' motion for summary judgment be **GRANTED.**

## III. COBRA Penalties and Remedies

■ Under section 502(c)(1) of the Employment Retirement Income Security Act of 1974 ("ERISA"), a penalty of up to $100 per day ($110 per day for violations occurring after July 29, 1997) may be assessed for failure to provide a COBRA notice.[2] 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 25,-60.502c–3; 62 Fed.Reg. 40,699. In other words, if a plan administrator fails to provide the requisite COBRA notice, the court has discretion to find the administrator personally liable to the participant (in this case, Torres) for up to $110 a day from the date of the failure until the date of correction. *See, e.g., Vincent v. Wells Fargo Guard Servs.,* 44 F.Supp.2d 1302 (S.D.Fla. 1999).[3] The majority of the courts that have addressed the issue of ERISA penalties for COBRA violations have not required plaintiffs to show prejudice as a precondition to a monetary award under section 502. (*See, e.g., Underwood v. Fluor Daniel, Inc.,* 106 F.3d 394, 1997 WL 33123 (4th Cir.1997); *Fenner v. Favorite Brand Int'l. Inc.,* 25 F.Supp.2d 870, 875 (N.D.Ill.1998); *DiSabatino v. DiSabatino Bros., Inc.,* 894 F.Supp. 810, 816 (D.Del. 1995); *Paris v. F. Korbel & Bros., Inc.,* 751 F.Supp. 834 (N.D.Cal.1990)).

It is undisputed that Ramallo violated COBRA. Furthermore, the evidence suggests that he did so knowingly and with indifference to plaintiff Torres' COBRA rights. On the other hand, it is also undisputed that Torres knew about her COBRA rights all along. Both in her complaint and her subsequent motions, Torres has failed to state with specificity what 'prejudice,' if any, she has suffered as a result of Ramallo's COBRA violation. In addition,

---

**2.** Ramallo failed to notify both Torres and her son and thus, under the statutory scheme, can be required to pay up to $220 per day ($110 per beneficiary).

**3.** The law also provides for an additional tax penalty for COBRA violations (i.e., an excise tax of $100 per day assessed by the IRS and payable to the government for an employer's violation). However, this court is only concerned with the ERISA penalty.

Torres did not choose to assert her right to be covered under the health plan once she received the untimely COBRA notice.

Torres was terminated on July 31, 1998, the date of the qualifying event. The period of Ramallo's "noncompliance" commenced 44 days after the date of the "qualifying event" (44 days after July 31, 1998 is September 12, 1998). This is so, because COBRA permits up to 44 days to furnish notice of COBRA rights. See 29 U.S.C. §§ 1166(a)(2) and (c); (*see also DiSabatino v. DiSabatino Bros., Inc.*, 894 F.Supp. at 817; *Middleton v. The Russell Group, Ltd.*, 1998 U.S. Dist. LEXIS 6126 (N.D.N.C.1998)). Thus, the clock began to tick on September 12, 1998 and stopped on June 10, 1999, the date in which Torres filed the present lawsuit, for a total of two hundred and seventy-one (271) days.

In view of the aforementioned I recommend that plaintiff Torres and her son be awarded statutory damages, and defer the amount to the district court's exercise of discretion within the range of $0.00 to $110 per day, per beneficiary, for the 271 days that Ramallo was in violation of COBRA.

## OTHER DAMAGES

■ In its cross motion for summary judgment, Ramallo asserts that compensatory damages are not provided for under COBRA. The defendant is correct. In the realm of penalties for COBRA violations, courts have required a certain degree of prejudice or harm to justify an award of compensatory damages and have repeatedly denied awards for emotional distress. *See, e.g., Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321 (5th Cir. 1992) (denying damages for severe mental distress and anguish); *United Steelworkers of Am., AFL–CIO–CLC v. Connors Steel Co.*, 855 F.2d 1499 (11th Cir.1988), *cert. denied sub nom. H. K. Porter Co. v. United Steelworkers of Am., AFL–CIO–*

*CLC,* 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 935 (1989); *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *DiSabatino v. DiSabatino Bros.*, 894 F.Supp. at 815–16; *Phillips v. Riverside, Inc.*, 796 F.Supp. at 411 (denying award of compensatory damages). Thus, although plaintiffs are entitled to statutorily mandated civil penalties discussed above, they are not entitled to compensatory damages based on their alleged emotional distress.

## ATTORNEY'S FEES

■ Section 502(g) of ERISA permits courts, in their discretion, to award reasonable attorney's fees and costs. In determining such an award, courts have considered: (1) the degree of bad faith or culpability of the opposing party; (2) the ability of the employer to satisfy the award; (3) the deterrence value of such an award; (4) the benefits to all participants and beneficiaries of the ERISA plan; (5) the resolution of the significant legal questions regarding ERISA; and (6) the relative merit of each party's position. *See, e.g., Stanton v. Larry Fowler Trucking, Inc.*, 52 F.3d at 729; *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 414 (9th Cir.1994), *cert. denied,* 514 U.S. 1027, 115 S.Ct. 1381, 131 L.Ed.2d 234 (1995); *Ford v. New York Cent. Teamsters Pension Fund,* 642 F.2d 664, 665 (2nd Cir.1981); *Van Hoove v. Mid–Am. Bldg. Maintenance Inc.*, 841 F.Supp. at 1537; *DiSabatino v. DiSabatino Bros.*, 894 F.Supp. at 817–18.

I recommend that attorney's fees and costs be awarded to plaintiffs' attorney given that Ramallo failed to comply with his duties under COBRA. There is no question that the defendant has a substantial degree of culpability given that plaintiff Torres, as Human Resources Director, advised him of the statutory duty he chose to ignore. In addition, this award will serve as a deterrent to defendant Ramallo

and will benefit other employees at his company who are participants in the health plan.

## CONCLUSION

I recommend that plaintiffs' motion for summary judgment be **GRANTED** in part, inasmuch as Ramallo violated its duties under COBRA. I defer to the court's discretion in terms of the amount of the award. I further recommend an award of attorneys' fees to plaintiffs. I further recommend that defendant Ramallo's motion for partial summary judgment be **GRANTED** and that the claim for compensatory damages be dismissed.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933(1986); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Secretary of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

September 27, 2000.