William Ceinos RODRÍGUEZ, et al., Plaintiffs,

v.

INTERNATIONAL COLLEGE OF BUSINESS AND TECHNOLOGY, INC. d/b/a International Junior College, Defendant.

No. CIV.03–2231(HL).

United States District Court, D. Puerto Rico.

Jan. 12, 2005.

Anthony J. Murray–Steffens, Davila, Pesquera & Murray Law Office, San Juan, PR, for Plaintiffs.

Jose A. Hernandez–Mayoral, Hernandez Mayoral Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs William Ceinos Rodríguez ("Ceinos") and Carmen Rodríguez Capblanc ("Ms.Rodríguez") filed this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, alleging that defendant International College of Business and Technology d/b/a International Junior College ("International College") violated Consolidated Omnibus Budget Reconciliation Act's (COBRA), 29 U.S.C. § 1166, *et seq.*, notification and documentation requirements. Specifically, plaintiffs contend that International College violated COBRA when .it failed to provide them with a summary plan description and notice of their rights to continue coverage under the group health plan after a qualifying event. Plaintiffs seek to recover civil penalties, damages, attorneys' fees, and costs.

## FINDINGS OF FACT

This case was tried before the Court on January 4, 2005. Having considered the evidence and the parties' briefs, the Court is now ready to rule.

(1) On January 15, 1992, William Ceinos Rodríguez ("Ceinos") began employment with defendant International College of Business and Technology d/b/a International Junior College ("International College"). Ceinos worked for International College for approximately eleven and a half years. During this tenure, he held various positions within International College, most recently: advisor to the president, chancellor, and director of International College's San Juan and Bayamón campuses.

(2) Upon the onset of Ceinos' employment with International College, Ceinos and his mother, Carmen Rodríguez Capblanc ("Ms.Rodríguez"), became participants in International College's employer-sponsored group health plan provided through Cruz Azul (Blue Cross). International College contributed $50 per month toward Ceinos' health plan coverage, while Ceinos supplied the balance of approximately $110 a month. Additionally, Ceinos paid the full premium amount for Ms. Rodríguez's coverage under the plan.

(3) On June 18, 2003, Ceinos' employment with International College was terminated for a reason other than gross misconduct.[1]

(4) Ceinos' and Ms. Rodríguez's group health coverage was cancelled by International College on August 1, 2003.

(5) At sometime in July 2003, Ceinos telephoned Wanda Ivelise Pagan, a payroll and human resources officer for International College, requesting information about liquidation of his vacation time. During this conversation, the topic of health benefits arose. Ms. Pagan stated that there is a law called COBRA which governs employee health insurance and that Ceinos had rights under this law. Ms. Pagan did not offer any specifics about the entitlements or obligations provided under COBRA. Ceinos did not ask any questions or otherwise respond to Ms. Pagan's statements about COBRA.

(6) On August 28, 2003, Ceinos hand-delivered a letter dated August 12, 2003, to Edgar Morales Ramirez, co-chairman of International College's board of directors. This letter asserted that International College had not provided Ceinos or Ms. Rodríguez with the option of electing to continue health coverage as required by COBRA and that he would seek judicial recourse if

---

1. In the present case, the review of this Court is restricted to claims arising under the federal COBRA statute. Therefore, the facts surrounding plaintiff Ceinos' termination is not before the Court. A wrongful discharge case however, is pending before the local courts.

International College did not reinstate their health benefits. (*See* Ex. 1).

(7) After receiving Ceinos' letter, Edgar Morales Ramirez forwarded the letter and a drafted response to his attorney, José Hernández Mayoral. In turn, Attorney Hernández Mayoral sent a reply addressed and directed to Ceinos' attorney Leonardo Delgado Navarro,[2] stating that, "[a]s management had already informed your client, International will maintain the coverage of William Ceinos active according to the rights conferred by COBRA, provided he complies with his obligations under said law." (*See* Ex. B).

(8) In late August or early September of 2003, Ceinos secured health insurance through the local bar association. The cost of this insurance was approximately $190 a month and was not available to Ms. Rodríguez. At a later date, Ceinos enrolled in a medical plan provided to employees of the Commonwealth of Puerto Rico which cost approximately $180 a month. Ceinos included Ms. Rodríguez as a secondary beneficiary in this plan.

## DISCUSSION

### I.

The Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161, *et seq.*, requires that employers allow former employees the opportunity to elect the continuation of coverage under the same terms of the employer's group health plan at the employee's own cost for a maximum of eighteen (18) months after the occurrence of certain "qualifying events." 29 U.S.C. § 1161, 1162(2)(A)(i); *see Gaskell v. Harvard Coop. Soc'y*, 3 F.3d 495, 498 (1st Cir.1993). COBRA requirements apply to employers which employ twenty (20) or more employees on a given calendar day. 29 U.S.C. § 1161. In the

present case, the parties do not dispute that defendant International College is covered by COBRA.

COBRA requires that employees and other qualified beneficiaries receive notice of their right to continue coverage under the employer's group health plan, at two points in time: (1) at the commencement of the participant's coverage under the plan, and (2) after a "qualifying event," such as termination of employment. *See* 29 U.S.C. § 1166(a)(1), (a)(4); *Torres–Negon v. Ramallo Bros. Printing, Inc.*, 203 F.Supp.2d 120, 124 (D.P.R.2002); *Morales–Cotte v. Cooperativa de Ahorro y Credito Yabucoeña*, 73 F.Supp.2d 153, 155 (D.P.R.1999). The initial notice requirement provides that an employer must notify the plan participant of his COBRA rights in writing upon the initiation of coverage under the group health plan. 29 U.S.C. § 1166(a)(1). This general notice must include basic information regarding COBRA and the rights and responsibilities of qualified beneficiaries. *See id.; Gonzalez Villanueva v. Warner Lambert*, 339 F.Supp.2d 351, 358–59 (D.P.R.2004).

Termination of employment, for a reason other than the employee's gross misconduct, which results in loss of coverage under the employer's group health plan is a "qualifying event." 29 U.S.C. § 1163(2); *Morales–Cotte*, 73 F.Supp.2d at 155. After a "qualifying event," two notice requirements are triggered. First, the employer must notify the group health plan administrator of the employee's qualifying event within thirty (30) days of said event. 29 U.S.C. § 1166(a)(2). Second, after notification by the employer, the plan administrator has fourteen (14) days to notify qualified beneficiaries of their right to continue coverage under the plan. 29

---

**2.** Attorney Delgado Navarro is plaintiff Ceinos' legal counsel in the wrongful discharge case pending in the local courts, and does not represent plaintiff in the present case.

U.S.C. § 1166(a)(4)(A). When the employer and the plan administrator are the same entity, the employer has forty-four (44) days from the date of the qualifying event to notify qualified beneficiaries of the right to maintain coverage. *Gonzalez Villanueva*, 339 F.Supp.2d at 358–59.

## II.

■ The first inquiry that the Court must consider is whether plaintiffs were entitled to notice of the right to continue health plan coverage pursuant to COBRA. In the present case, there is no indication that Ceinos' employment with International College was terminated for gross misconduct, and thus, Ceinos' termination of employment on June 18, 2003, constitutes a qualifying event for COBRA purposes. *See* 29 U.S.C. § 1163(2). Therefore, Ceinos was entitled to notice of the option to elect continuing coverage under COBRA at both the initiation of his participation in defendant's group health plan and after his termination of employment. *See* 29 U.S.C. § 1166(a). Conversely, Ceinos' mother, Carmen Rodríguez Capblanc, was never entitled to notice under COBRA. COBRA's notification requirements provide that at the commencement of coverage under the group health plan, only the covered employee and the spouse of the employee (if any) shall be provided notice of COBRA rights. 29 U.S.C. § 1166(a)(1). Moreover, after a qualifying event, only qualified beneficiaries are entitled to notice. 29 U.S.C. § 1166(a)(4)(A). The term "qualified beneficiary" is limited to employees covered under the employer's group health plan and the employee's spouse or dependent children. 26 U.S.C. § 4980B(g)(1)(A). Therefore, Ceinos'

mother, Carmen Rodríguez Capblanc, was not a qualified beneficiary and hence, was not entitled COBRA notice. Accordingly, plaintiff Carmen Rodríguez Capblanc's claims arising from alleged violations of 29 U.S.C. § 1166 are dismissed in their entirety.

We turn now, to whether adequate notice of COBRA rights were provided to Ceinos at (1) the onset of coverage under defendant's group health plan or (2) upon his termination of employment. Ceinos testified that he never received notification of his rights under COBRA at any point during his employment nor after his termination. International College contends that Ceinos was provided notice of COBRA after his termination on two occasions: first, in June 2003 during a telephone conversation with defendant's human resources and payroll officer Wanda Pagan and second, through a letter written by defendant's attorney and mailed to Ceinos' attorney in September of 2003.[3]

■ In actions for remedies under COBRA, the medical plan administrator bears the burden of proving that adequate COBRA notification was provided to qualified beneficiaries. *Torres–Negron v. Ramallo Bros. Printing, Inc.*, 203 F.Supp.2d 120, 124 (D.P.R.2002) (citing *Stanton v. Larry Fowler Trucking*, 52 F.3d 723 (8th Cir. 1995) (holding that an employee's testimony that he never received notice of right under COBRA to continue participating in employer's group health care plan shifted burden to employer to produce records showing that proper notice was given.)) The plan administrator is "the person specifically so designated by the terms of the

---

**3.** At trial, International College's Human Resources and Payroll Officer, Wanda Pagan, testified that she told Ceinos about his COBRA rights during a telephone conversation in June 2003. Edgar Morales Ramirez, Co-Chairman of International College's Board of

Directors, testified that Ceinos was informed that his COBRA rights would be honored in a letter written by defendant's attorney in September 2003. Assuming the veracity of these statements, they are insufficient and do not comply with COBRA requirements.

instrument under which the plan is operated" or "if an administrator is not so designated, the plan sponsor." 29 U.S.C. § 1002(16)(A)(i), (ii). When the employee benefit plan is established or maintained by a single employer, as is the case here, the plan sponsor is the employer. 29 U.S.C. § 1002(16)(B)(i). Because defendant has not set forth any evidence or testimony which indicates that someone other than the employer was designated as the plan administrator of the group health plan, the Court finds that International College is the plan administrator. *See Doe v. Travelers Ins. Co.,* 167 F.3d 53, n. 6 (1st Cir.1999); *Burnham v. Guardian Life Ins. of Am.,* 873 F.2d 486, n. 5 (1st Cir.1989); *Torres–Negron,* 203 F.Supp.2d at 124.

### A. Initial Notice

█ The record in this case is entirely devoid of any evidence that International College notified Ceinos of his rights under COBRA during Ceinos' tenure with defendant. International College did not even proffer an argument that such notice was afforded during this period.[4] Rather, International College defends its inaction on the grounds that Ceinos is prohibited from asserting a claim under COBRA because he held a high-ranking position at International College and was responsible for administering COBRA notices. This argument is futile. International College has not shown that administering COBRA notices or otherwise directly ensuring compliance with COBRA was within the purview of Ceinos' job responsibilities, nor has it shown at trial that Ceinos had knowledge of COBRA prior to his cessation of employment. Moreover, even if defendant could prove that Ceinos' responsibilities included distribution of COBRA notices or that Ceinos had prior knowledge of his COBRA rights, it would be irrelevant.

Neither a plaintiff's actual knowledge of his rights under COBRA nor his prior COBRA-related job responsibilities, dispenses with a plan administrator's obligation to give the employee the notifications enumerated in 29 U.S.C. § 1166(a). *Torres–Negron,* 203 F.Supp.2d at 124–25 ("Even where the former employee's duties during employment included the distribution of COBRA notices" the plan administrator must provide COBRA notice. *Id.*) The evidence shows and the Court finds that Ceinos did not receive written notice of his right to continue participation in defendant's group health plan upon commencement of coverage under the plan, as required under 29 U.S.C. § 1166(a)(1).

### B. Post–Termination Notice

After Ceinos' cessation of employment with International College, two relevant events occurred. First, in July of 2003, Ceinos had a telephone conversation with payroll and human resources officer Wanda Pagan in which she stated that there was a COBRA law in existence and that plaintiff had rights under this law. Second, in September of 2003, defendant's attorney of record sent a letter to Ceinos' attorney stating that International College "will maintain the coverage of William Ceinos active according to the rights conferred by COBRA, provided he complies with his obligations under said law." (*See* Ex. B.) The Court must determine whether these actions were adequate to satisfy the requirement that employee's be notified of their rights under COBRA after the happening of a qualified event—a question the Court answers in the negative. *See* 29 U.S.C. § 1166(a)(2), (4).

COBRA does not contain any specific requirements as to the manner in which notice must be given. The courts that

---

4. Neither of defendant's two witnesses Wanda Pagan nor Edgar Morales Ramirez, presented any evidence that plaintiff Ceinos was given notice during his tenure.

have addressed this issue have held that " 'a good faith attempt to comply with a reasonable interpretation of the statute is sufficient.' " *Torres–Negron,* 203 F.Supp.2d at 124 (quoting *Lawrence v. Jackson Mack Sales, Inc.,* 837 F.Supp. 771, 782 (S.D.Miss.1992), *aff'd,* 955 F.2d 1574 (11th Cir.1992)). Generally, notice must be sufficient to allow the qualified beneficiary to make an informed decision about whether to elect coverage. *Id.; McDowell v. Krawchison,* 125 F.3d 954, 958 (6th Cir.1997). Adequate notice typically requires that the beneficiary be advised that (1) he can choose continuation of coverage after certain qualifying events, (2) he has sixty days from the date that coverage would cease to elect to continue the coverage,[5] (3) he may continue coverage for a maximum of eighteen months, and (4) he has an obligation to pay premiums. *See e.g., Ehrlich v. Howe,* 848 F.Supp. 482, 489–90 (S.D.N.Y.1994). Under COBRA, the group health plan must provide the beneficiary written notice when coverage under health plan commences, but oral notice may suffice after a qualifying event. *See* 29 U.S.C. § 1166(a)(1,4); *Delcastillo v. Odyssey Resource Management, Inc.,* 320 F.Supp.2d 889 (D.Neb.2004), *Chesnut v. Montgomery,* 307 F.3d 698 (8th Cir.2002).

▉ In July of 2003, Ceinos telephoned International College's human resources and payroll officer Wanda Pagan to discuss liquidation of his accrued vacation time. During this conversation the issue of medical coverage arose, and Ms. Pagan stated that there is a law, called COBRA, which concerns medical plan coverage. She further stated that Ceinos had rights under this law. Ms. Pagan did not provide any specifics about COBRA, such as the benefits available or the obligations imposed under this statute. After the conversation, neither Ms. Pagan nor anyone affiliated with International College followed-up with Ceinos regarding his COBRA rights.

The Court concludes that the conversation between Ms. Pagan and plaintiff Ceinos does not satisfy any of COBRA's notice requirements because it was not sufficient to allow Ceinos to make an informed decision about whether, or how, to elect continuing coverage under the employer's health plan. *See Torres–Negron,* 203 F.Supp.2d at 124; *McDowell v. Krawchison,* 125 F.3d 954, 958 (6th Cir. 1997); *Lincoln Gen. Hosp. v. Blue Cross Blue Shield,* 963 F.2d 1136, 1139–40 (8th Cir.1992). The conversation did not provide enough information for Ceinos to understand the substance of the benefits available or to conclude that he was eligible to continue medical coverage because it lacked details about the length of the election period, the duration of the coverage, and the applicable payment obligations.[6]

▉ On September 8, 2003, International College's attorney sent a letter to Ceinos' attorney Leonardo Delgado Navarro,[7] which stated, "[a]s management had already informed your client,[8] International

---

5. *See* 29 U.S.C. § 1165(1)(C)(ii).

6. While no sacramental words are required, the law calls for the inclusion of information which would allow a beneficiary to make an informed decision about whether to elect continued coverage under the plan. *See McDowell,* 125 F.3d at 958; *Lincoln Gen. Hosp.,* 963 F.2d at 1139–40.

7. Attorney Leonardo Delgado Navarro is plaintiff Ceinos' legal counsel in the wrongful discharge case pending in the local courts, and does not represent plaintiff in the case at bar.

8. This statement refers to the June 2003 telephone conversation between International College's Human Resources and Payroll Officer Wanda Pagan and plaintiff Ceinos. As discussed above, this conversation did not sat-

will maintain the coverage of William Ceinos active according to the rights conferred by COBRA, provided he complies with his obligations under said law." (*See* Ex. B.) This letter does not satisfy International College's obligations under COBRA's notification requirements. First, this letter was not a good faith attempt to comply with COBRA because it was not reasonably calculated to reach Ceinos and provide him with notice of the rights available under the statute. *See Torres–Negron,* 203 F.Supp.2d at 124. The letter was not addressed or mailed to Ceinos, even though International College had Ceinos' address on record. Second, the letter speaks more to an assertion that defendant is in compliance with the law, rather than effecting notice of COBRA's provisions. In other words, the purpose of this letter appears to be to deny liability rather than to notify Ceinos of his rights under COBRA.

Further, the letter does not contain sufficient information to permit Cenios to make an informed decision about whether to elect continuing coverage because it does not contain information about the relevant eligibility requirements, election period, duration of coverage, or obligation to pay premiums. *See Torres–Negron* 203 F.Supp.2d at 124; *McDowell v. Krawchison,* 125 F.3d 954, 958 (6th Cir.1997); *Lincoln Gen. Hosp.,* 963 F.2d at 1139–40 (8th Cir.1992); *Ehrlich v. Howe,* 848 F.Supp. 482, 489–90 (S.D.N.Y.1994). A statement averring that coverage will be maintained if the former employee "complies under said law" is simply too vague to be sufficient notice of a beneficiary's rights. A former employee cannot be expected to be able to ascertain what actions he or she should take to elect continuing coverage by this statement. Finally, the fact that plaintiff is a lawyer or educated person does not release defendant from complying

with COBRA's notification requirements. It is well settled that a plaintiff's actual knowledge of COBRA provisions does not negate an administrator's duty to provide COBRA notice, including proper notice to employees well acquainted with COBRA provisions. *See Torres–Negron,* 203 F.Supp.2d at 124–25 (holding that plaintiff, a human resources officer in charge of distribution of COBRA notices, was entitled to receive proper notice upon termination of employment.) It follows that a plaintiff's education or ability to research the law does not vitiate a plan administrator's compulsory obligation to provide proper COBRA notification. Therefore, the Court concludes that the letter written by International College's attorney, relying upon his client's information, does not satisfy the notice requirement specifically prescribed in COBRA, 29 U.S.C. § 1166(a)(4).

### III.

In addition to plaintiffs' claims that International College violated COBRA notification provisions, plaintiffs allege that International College breached its obligation to provide Ceinos and Ms. Rodríguez with summary plan descriptions. *See* 29 U.S.C. § 1021(a)(1). COBRA requires the plan administrator to furnish each participant covered under the plan with a summary plan description informing the participant in plain language of the terms and benefits of the plan. *See* 29 U.S.C. § 1021(a)(1), 1022(a)(1), 1024(b)(1). Unless the plan sponsor designates another party to provide disclosure mandated by ERISA, the duty to make such disclosure resides in the plan sponsor. *See Lee v. Burkhart,* 991 F.2d 1004 (2nd Cir.1993); 29 U.S.C. § 1002(16)(B)(i) (stating that plan sponsor is the employer). Moreover, as discussed above in part II, since defendant has not

isfy the notification requirements set out in COBRA.

set forth any evidence which indicates that someone other than the employer was designated as the plan administrator of the group health plan, the Court finds that International College is the plan administrator. *See* 29 U.S.C. §§ 1002(16)(A)(i), (ii), 1002(16)(B)(i); *Doe v. Travelers Ins. Co.*, 167 F.3d 53, n. 6 (1st Cir.1999); *Burnham v. Guardian Life Ins. of Am.*, 873 F.2d 486, n. 5 (1st Cir.1989); *Torres–Negron v. Ramallo Bros. Printing, Inc.*, 203 F.Supp.2d 120, 124 (D.P.R.2002).

■ Plan participants have a cause of action under 29 U.S.C. § 1132(c) against plan administrators that fail to provide participants with summary plan descriptions. However, this cause of action, and its associated civil penalties, can only be brought against plan administrators who fail to comply with a request to provide a summary plan description. *Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 112 (1st Cir.2002) ("holding that a court may only order relief if the plan administrator fails to provide the appropriate documentation with thirty days after participant *requests* it." (emphasis in original)). Because the record does not show that plaintiffs requested a summary plan description from International College at any time, as required by law, plaintiffs' claims concerning International College's distribution of summary plan descriptions must be dismissed.

## IV.

■ Having found that International College failed to meet the notification requirements of COBRA, 29 U.S.C. § 1166(a)(2), (4), the Court turns to an assessment of applicable penalties and remedies. Section 502(c) of ERISA, 29 U.S.C. § 1132(c), provides that if a group health plan administrator fails to provide the requisite COBRA notices, a court has discretion to find the administrator personally liable to the participant for up to $110 per day from the date of failure until the date of correction. 29 U.S.C. § 1132(c)(1) (The maximum civil penalty was increased from $100 to $110. *See* 29 C.F.R. § 2575.502c–1). A showing of prejudice or bad faith is not a prerequisite to the imposition of statutory penalties for failing to inform an employee of the right to continued coverage, but in the court's discretion, these factors may be given dispositive weight. *Kerkhof v. MCI World-Com, Inc.*, 282 F.3d 44, 56 (1st Cir.2002)(citing *Sullivan v. Raytheon Co.*, 262 F.3d 41, 52 (1st Cir.2001)).

As discussed above, defendant International College has violated two sections of COBRA's notification requirement provision, specifically 29 U.S.C. § 1166(a)(1) (requiring written notice to each covered employ at the time of commencement of coverage under the group health plan) and 29 U.S.C. § 1166(a)(4) (requiring notice to qualified beneficiaries after a qualifying event). Each violation of the notification requirement provision of the statute must be treated as a separate violation. 29 U.S.C. § 1132(c)(1). With regard to the first violation, the Court finds that Ceinos did not suffer any prejudice as a result of defendant's failure to provide initial notice of COBRA rights. Furthermore, plaintiff has not demonstrated that defendant acted in bad faith. Accordingly, the Court declines plaintiff's request for civil penalties for defendant's violation of 29 U.S.C. § 1166(a)(1).

■ Conversely, with regard to the second violation, the Court finds Ceinos suffered prejudice. As a result of International College's failure to provide COBRA notice to Ceinos after the qualifying event of his termination on June 18, 2003, Ceinos' medical coverage was disrupted, he had to go without medical coverage for a period of time, and he had to enroll in two different health plans which carried higher premiums. These hardships could have

been avoided if International College had provided Ceinos with proper and timely notification of his right to continue coverage after termination of employment. Moreover, the statutory penalty contained in 29 U.S.C. § 1132(c) serves an important deterrence purpose. Testimony on behalf of International College payroll and human services officer, Wanda Pagan, and co-chair of the board of directors, Edgar Morales Ramirez, indicates that International College is in gross violation of COBRA in that it routinely does not provide COBRA notifications to employees and/or does not retain COBRA records. Accordingly, the Court imposes a statutory penalty of $80 a day for International College's violation of 29 U.S.C. § 1166(a)(4).

Statutory penalties are generally calculated from the last date on which the plan administrator could have sent notice until the end of the continuation coverage period. *See e.g., Lloynd v. Hanover Foods Corp.,* 72 F.Supp.2d 469 (D.De. 1999). Further, the qualifying event should be calculated from the date of the occurrence of a status change which makes inevitable the loss of such coverage, even if the loss of coverage occurs sometime thereafter. *Gaskell v. Harvard Coop. Soc'y,* 3 F.3d 495, 499 (1st Cir.1993). In the case at bar, the qualifying event occurred on June 18, 2003. From this date, International College had forty-four (44) days to notify Ceinos of his right to continue coverage under the group health plan. *See Gonzalez Villanueva v. Lambert,* 339 F.Supp.2d 351, 358–59 (D.P.R.2004). Therefore the clock began to tick on August 2, 2003, (the forty-fifth day after the qualifying event) and stopped on December 18, 2004, (eighteen months after the qualifying event which constitutes the maximum period of the continuation coverage allowed under COBRA). This results in a total of five hundred and five (505) days that International College was in breach of its COBRA notification obligation, for a total statutory penalty of $40,400.00. Plaintiff is also awarded reasonable attorneys' fees and costs.

### CONCLUSION

**WHEREFORE,** the Court finds defendant International College liable to plaintiff William Ceinos Rodríguez for violations of the Consolidated Omnibus Budget Reconciliation Act (COBRA). The Court awards plaintiff Ceinos $80 per day in statutory damages for the five hundred and five (505) days that International College was in violation of COBRA, for a total of $40,400.00 in statutory penalties, plus reasonable attorneys' fees and costs. Plaintiff Carmen Rodríguez Capblanc's claims are hereby ordered dismissed.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**