Iván BERRÍOS–CINTRÓN

v.

CAPITOL FOOD, INC., et al.

Civil No. 06–2226 (JP).

United States District Court,
D. Puerto Rico.

June 26, 2007.

Daliah Lugo–Auffant, Esq., Pérez Vargas & Lugo Auffant Law Offices, Hato Rey, PR, for Plaintiff.

José F. Benítez–Mier, Esq., Eileen Marie García–Wirshing, Esq., O'Neill & Borges, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS JR., Senior District Judge.

The Court has before it Plaintiff Iván Berríos' ("Berríos") motion for summary judgment as to his claims under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") (No. 29), and Defendants Capitol Food, Inc., ("Capitol Food") and Mr. Price, Inc.'s ("Mr. Price") response thereto (No. 35). Also before the Court is Defendants Capitol Food and Mr. Price's motion for summary judgment as to all of Plaintiff's claims (No. 30), and Plaintiff Berríos' response thereto (No. 36).

Plaintiff Berríos filed the instant Complaint against his former employers Capitol Food and Mr. Price[1] for constructive discharge in violation of the Americans with Disabilities Act ("ADA") and its Puerto Rico law counterparts, for unpaid vacation time owed to him, and for an assessment of penalties under COBRA for Defendants' noncompliance with their duty to notify him of his rights under the law at the beginning and end of the employment relationship. Defendants argue they did not discriminate against Berríos on account of his purported disability, and in any event Berríos is not disabled under ADA or its Puerto Rico law counterparts. As to Berríos' COBRA claim, Defendants allege that at the time of his voluntary resignation, Berríos was the person responsible for administering Capitol Food's health plan. As to Plaintiff's claims for vacation pay, Defendants argue that as an exempt employee, the wage and hour statutes that regulate the accrual, use and payment of vacation time do not cover Berríos.

Plaintiff moved for voluntary dismissal of his claims brought pursuant to the ADA (No. 27), and the Court entered Judgment accordingly (No. 50). Therefore, the Court will not address Defendants' arguments for summary judgment as to Plaintiff's ADA claims, as they have become moot.

For the reasons set forth below, the Court **GRANTS** Defendants' Motion for Summary Judgment (**No. 30**) as to all of Plaintiff's remaining claims.

### I. MATERIAL FACTS NOT IN GENUINE DISPUTE

The following uncontested facts were submitted to the Court jointly by the parties:

1. Mr. Price, Inc. is a corporation dedicated to the distribution and sale (wholesale and retail) of food.

2. Capitol Food, Inc. is a corporation dedicated to the distribution and sale (wholesale and retail) of food.

3. Berríos began his employment with Capitol Food in 1989.

---

1. Mr. Price acquired some of Capitol Food's assets in December of 2004, and the companies are owned by the same family, the family of Luis Alfredo Cáceres.

4. Capitol Food's President and sole owner was Luis Alfredo Cáceres ("Cáceres").

5. Berríos worked for Mr. Price from approximately 1986 to 1989 as a part-time salesman.

6. June 7, 2004 was Berríos' last day of work before he left to be operated on one eye.

7. Berríos had surgery to correct his pterygium in June 2004.

8. Berríos was covered by Capitol Food's health benefit plan since his enrollment in 1990 until September 27, 2004.

9. Capitol Food continued paying Berríos' health insurance benefit until September 27, 2004.

10. On September 27, 2004, Cáceres sent Berríos a letter notifying him of his rights under COBRA.

11. Mr. Price is an "employer" for purposes of the ADA and COBRA. During its years of operation, Capitol Food was an "employer" for purposes of ADA and COBRA.

The following uncontested facts were included in the parties' cross-motions for summary judgment, and were properly supported and not sufficiently opposed:

1. On September 21, 2001, Berríos executed, on Capitol Food's behalf, an agreement (the "Agreement") with Cruz Azul de Puerto Rico's ("Cruz Azul") President, Mr. Marcos Vidal, whereby Cruz Azul would provide Capitol a group health plan.

2. Article VI of the Agreement provides a full disclosure of all covered employee's rights under COBRA, which includes notification as to the: (1) right to choose continuation of coverage after certain qualifying events, (2) the period of sixty days from the date that coverage would cease to elect to continue the coverage, (3) continued coverage for a maximum of eighteen months, and (4) an obligation to pay premiums, among other useful information. Berríos had this information when he signed the Agreement in September of 2001.

3. A copy of the Plan's summary plan description was attached to the Agreement.

4. Via a letter dated June 21, 2004, Plaintiff tendered his resignation to be effective June 7, 2004.

5. Plaintiff had surgery on June 8, 2004, and again on September 14, 2004.

6. In the September 27, 2004 letter Cáceres sent Berríos, Cáceres reminded Berríos that: (a) he had rights under COBRA, (b) he could elect continuation coverage, (c) he was responsible for the full payment of the continuation coverage, and (d) that he should contact Cruz Azul to make the necessary arrangements. Berríos received this letter on or about September 30, 2004.

7. On October 15, 2004, Plaintiff went to the offices of Cruz Azul to inquire about the status of his health plan, and was told the plan had been cancelled effective September 30, 2004.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c);

*Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *Id.* 477 U.S. at 248, 106 S.Ct. at 2509; *Mack v. Great Atl. & Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989). A material issue is "genuine" if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Boston Athletic Ass'n v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989).

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *See First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The party opposing summary judgment may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through filing of supporting affidavits or otherwise, that there is a genuine issue for trial. *Id.; see also Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993). On issues where the non-movant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. *Anderson,* 477 U.S. at 256–57, 106 S.Ct. 2505.

## III. ANALYSIS

### A. ERISA AND COBRA

Plaintiff Berríos moves for summary judgment only as to his claims under CO-BRA as defined and otherwise enforced by the Employee Retirement Income Security Act ("ERISA") for the alleged failure of Defendants to provide him with the necessary notification as to his rights under federal law, as mandated by 29 U.S.C. Sections 1166(a)(1) and 1166(a)(2). Specifically, Plaintiff argues that Defendants failed to provide him with initial notice of his rights under COBRA when he commenced his employment with Capitol Food in 1990, and that the notification provided to Plaintiff upon his resignation in 2004 was late and inadequate.

Under ERISA, an employee welfare benefit plan is defined as any plan, fund or program which is established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical or hospital care or benefits. 29 U.S.C. § 1002(1). COBRA requires that an employer who maintains group medical benefits for its employees must provide notice to employees of their rights under the plan on two occasions. First, upon commencement of the coverage, the employer must provide a written notice to the new employee of his or her rights under the law. 29 U.S.C. § 1166(a)(1). ERISA contains specific sections requiring plan administrators to provide participants with information, including a summary plan description, and plan participants have a cause of action against plan administrators who fail to comply with a request to provide any such infor-

mation. 29 U.S.C. §§ 1021, 1024, 1132(a)(1)(A); *see Watson v. Waltham Hosp.*, 298 F.3d 102, 112 (1st Cir.2002).

A second notice must be provided to the covered employee within fourteen days of the occurrence of a "qualifying event" that would trigger loss of coverage, such as termination of employment. 29 U.S.C.A. § 1166(a)(4)(A). The second notice requires that the plan administrator must notify the group health plan administrator of the employee's qualifying event within thirty days of said event, and the plan administrator must also notify the discharged employee of his right to continuing coverage under the plan within fourteen days from notifying the group health plan administrator. 29 U.S.C.A. §§ 1166(a)(1), 1166(c), 1167(3)(B). The discharged employee then may elect to continue coverage for up to eighteen months following termination. 29 U.S.C.A. §§ 1166(2)(A)(I); *Watson*, 298 F.3d at 112.

Section 1132(c)(1)(B) specifies the relief available to such plaintiffs, allowing for penalties of $100.00 per day and "such other relief as [the court] deems proper." 29 U.S.C. § 1132(c)(1)(B); *see Watson*, 298 F.3d at 112.

Defendants argue proper initial and post-termination notice was timely provided to Plaintiff. Defendants also argue that even if the notification was inadequate, in the absence of a showing of bad faith and when the failure to notify has not resulted in any prejudice to the employee, courts have rarely imposed the discretionary penalty allowed by the statute.

### 1. *Initial Notice*

Defendants' group health plan commenced on September 20, 2001. On that date, Capitol Food and its group health plan provider, Cruz Azul executed an Agreement whereby the latter would provide coverage to Capitol Food employees, including Plaintiff Berríos. Article VI of the Agreement provides a full disclosure of all covered employee's COBRA rights, which includes notification as to the: (1) right to choose continuation of coverage after certain qualifying events, (2) the period of sixty days from the date that coverage would cease to elect to continue the coverage, (3) continued coverage for a maximum of eighteen months, and (4) an obligation to pay premiums, among other useful information. A copy of the plan's summary plan description was attached to the Agreement.

■ Under these facts, the Court holds that, for purposes of ERISA and under COBRA, Berríos received the initial notice required by statute in writing when he signed the Agreement in September of 2001 that commenced the group health plan.

■ Even if Plaintiff Berríos had not received a copy of the summary plan description, Berríos' cause of action under COBRA for failure to provide a copy of the summary plan description is lacking because Berríos did not allege or otherwise demonstrate that he requested the document, a key pre-requisite for this type of action. In *Watson v. Deaconess Waltham Hospital*, the First Circuit held that the penalties a court may impose under ERISA are limited. *Watson*, 298 F.3d at 112. In particular, a court "may only order relief if the plan administrator fails to provide the appropriate documentation within thirty days after a participant *requests* it." *Id.* (emphasis in original). Because the record does not show that Plaintiff requested a summary plan description from Capitol Food at any time, Plaintiff's claims concerning Capitol Food's failure to distribute the summary plan description must be dismissed.

## 2. *Post–Termination Notice*

█ On September 27, 2004, Cáceres, Capitol Food's President, sent Berríos a letter notifying him of his rights under COBRA. Although this letter was not sent to Plaintiff within fourteen days of his resignation as required by statute, Defendants argue that because Plaintiff Berríos was the employee responsible for managing all matters related to the group healthcare plan at Capitol Food, it is reasonable to believe that Berríos was fully aware of his COBRA rights. While this may be the case, the fact that Plaintiff Berríos knew about his rights under COBRA does not relieve Defendants from their obligations under the statute. Neither a plaintiff's actual knowledge of his rights under CO-BRA nor his prior COBRA-related job responsibilities, dispenses with a plan administrator's obligation to give the employee the notifications enumerated in 29 U.S.C. Section 1166(a). *Rodríguez v. Int'l College of Bus. & Tech., Inc.*, 364 F.Supp.2d 40, 46 (D.P.R.2005); *Torres–Negrón v. Ramallo Bros. Printing*, 203 F.Supp.2d 120, 124–25 (D.P.R.2002) (stating that even where the former employee's duties during employment included the distribution of COBRA notices, the plan administrator must provide COBRA notice); *see Mlsna v. Unitel Communs.*, 41 F.3d 1124, 1129 (7th Cir. 1994) (holding, "An employee's knowledge of his COBRA rights does not relieve the plan administrator of its notification duties.").

█ Nonetheless, on the record before the Court there is no genuine issue as to whether Plaintiff suffered prejudice as a result of Defendants' alleged failure to provide the COBRA notice, or that Defendants acted in bad faith. Therefore, the Court refrains from imposing a statutory penalty against Defendants. Courts have been reluctant to impose the statutory penalty in the absence of a showing of bad faith and prejudice to the plaintiff. If the plan participant cannot show that he was adversely affected in some significant fashion, the discretionary penalty allowed by the statute is often not imposed. See *Rodríguez–Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 588–89 (1st Cir.1993) (stating that even though the district court need not find bad faith or prejudice to impose penalties, in the district court's discretion, these factors may be given dispositive weight); *Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 56 (1st Cir.2002).

In the instant case, Capitol Food provided Berríos a tardy COBRA notification upon his resignation, which he received. The letter stated that: (a) Berríos had rights under COBRA, (b) he could elect continuation coverage, (c) he was responsible for the full payment of the continuation coverage, and (d) that he should contact Cruz Azul to make the necessary arrangements. Despite the notice's lateness, Capitol Food made a good faith effort to reach Berríos with the notification, and it was indeed received by him. The record is barren of any indication that Capitol Food acted in bad faith. The record is also barren of any indication that Berríos was prejudiced in any manner because of the alleged inadequacy or lateness of his CO-BRA notification or Capitol Food's behavior. Plaintiff alleges that after leaving Capitol Food, he became employed by Island Choice, another food distribution company, where he worked for approximately a year. He was then laid off due to downsizing. Plaintiff alleges that he currently has no health plan because he cannot afford it. However, Plaintiff's current state is not a result of Capitol Food's tardiness in providing notification of his COBRA rights. In fact, Capitol Food benefited Berríos by maintaining Berríos' group healthcare plan for three months after his voluntary termination, at no cost to him;

and Berríos used the group healthcare plan to submit to two operations in his eyes, which ultimately rid him of his alleged disabling condition. For these reasons, the Court declines to impose civil penalties against Defendants.

## B. *PUERTO RICO CLAIMS*

Having dismissed Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over the remaining local law claims. See *Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit.").

## IV. *CONCLUSION*

For the reasons stated herein, Defendants' Motion for Summary Judgment (**No. 30**) as to all claims is **GRANTED.** The Court will enter a separate final judgment.

**IT IS SO ORDERED.**