# United States Court of Appeals
## For the First Circuit

No. 08-2283

ISRAEL SEPÚLVEDA-VILLARINI,

Plaintiff, Appellant,

v.

DEPARTMENT OF EDUCATION OF PUERTO RICO, ET AL.,

Defendants, Appellees.

No. 09-1801

MARTA VELÁZQUEZ-TORRUELLA,

Plaintiff, Appellant,

v.

ALEXIS OLIVERAS-SANTIAGO, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Souter, Associate Justice,[*] and Selya, Circuit Judge.

---

[*]     The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

Mauricio Hernandez Arroyo, with whom Law Offices of Mauricio Hernandez Arroyo was on brief, for appellants.

Susana I. Peñagaricano-Brown, Assistant Solicitor General, with whom Irene S. Soroeta-Kodesh, Solicitor General, Leticia Casalduc-Rabell, Deputy Solicitor General, and Zaira Z. Girón-Anadón, Deputy Solicitor General, were on brief, for appellees.

_____

December 10, 2010

_____

**SOUTER, Associate Justice**.  The issue in each of these consolidated cases is the sufficiency of the complaint to state a claim for failure to accommodate an employee's disability as required by Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794.  The district court dismissed each under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  We vacate and remand.

It takes nimble footwork to reach that exact issue.  The appellants in these suits, Israel Sepúlveda-Villarini (Sepúlveda) and Marta Velázquez-Torruella (Velázquez), are public school teachers in Ponce, Puerto Rico.  The appellees are the Puerto Rico Department of Education; its Secretary, Rafael Aragunde-Torres (Aragunde); and the school director (and appellants' supervisor), Alexis Oliveras-Santiago (Oliveras).  Aragunde is sued in his official capacity; Oliveras is sued in his personal capacity.

The appellants' claims and the district court's resolution of them are largely similar, but differ somewhat in the details.  Sepúlveda alleged that he suffered a stroke while teaching and required heart by-pass surgery.  The nature of his continuing impairment is unclear, but he claims that his doctor ordered him to apply for accommodations upon his return to work.  The provision of a reasonable accommodation to a qualified individual with a disability is required by 42 U.S.C. § 12112.  See

-3-

also § 12102(2) (definition of disability); § 12111(8) & (9) (definitions of qualified individual with a disability and reasonable accommodation).  For five school years the school made accommodations for  Sepúlveda, providing him a classroom on the first floor, a reduced class size of 15 pupils most years, and (at least for some years) a rest period.[1]  Things changed in the 2007-08 year, after the Secretary had issued instructions to keep class size at a minimum of 20.  Allegedly as a consequence, the school director enlarged Sepúlveda's class to 30, but provided a neophyte teacher to share the duties.

Sepúlveda claims that the new arrangement is an unreasonable refusal to accommodate, resulting in emotional consequences with physical symptoms requiring treatment, and he seeks monetary and equitable relief.  His citation to legal authority is vague, but the district court understood him to raise claims of unlawful discrimination under Title I of the ADA, 42 U.S.C. §§ 12111-12117 (prohibiting discrimination on the basis of disability by employers); Title II of the ADA, 42 U.S.C. §§ 12131-12165 (same, by government entities); § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (same, by recipients of public funding) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et

---

[1] The state of the complaint is such that the details of factual allegations are often difficult to make out.  For the purposes of this appeal, the key accommodation appears to be the reduced class size.

seq. (prohibiting employment discrimination on the basis of sex, race, religion, national origin). The district court dismissed all claims of personal liability against the school director, Oliveras,[2] and all Title VII claims. It dismissed the ADA Title I claim for failure to allege how the smaller class size would allow Sepúlveda to go on teaching and the Rehabilitation Act claim for the same reason. The court cited its ruling in a prior case to hold that Title II of the ADA did not reach employment-based claims (and in the alternative rejected the Title II claim on the same grounds invoked for Title I). With all federal claims gone, the court also dismissed without prejudice claims brought under the Puerto Rico Civil Code, for which supplemental jurisdiction was sought.

Velázquez alleges that she suffers from a throat condition known as aphonia, with symptoms including excessive coughing and shortness of breath, which was allegedly aggravated by dust and debris stemming from construction at the school some years ago. Also on doctor's orders, she sought accommodations for her disability and for four[3] school years was provided with accommodations virtually identical to Sepúlveda's, although her

___

[2] The district court read the complaint to assert claims under the ADA and Title VII against Oliveras in his official and personal capacities. The complaint, however, states that Oliveras "is sued in his individual capacity under Puerto Rico law."

[3] Velázquez was denied accommodations the first year she requested them.

maximum class size was generally 20 rather than 15. When the Secretary's instructions were circulated, her class size, too, was increased ("up to thirty (30) students," without a team teacher), and she, too, alleges that ensuing emotional and physical stress required treatment. She seeks equitable relief and damages, in pleadings the district court read to raise the same claims it found Sepúlveda did. Here, again, the Court dismissed the personal liability claims, all claims under Title VII, and the Title II claim on the ground that the title does not refer to employment discrimination (this time providing no alternative basis). Here, though, the court addressed the appellees' sovereign immunity defense, which it had not reached in Sepúlveda's case. The court sustained the defense, dismissing the Title I claim against the Department in toto and against the Secretary insofar as Velázquez sought monetary damages. That left the Title I claim for equitable relief against the Secretary, on the theory of Ex Parte Young, 209 U.S. 123 (1908), which the court dismissed for the same reason given in the other case, a failure to allege in the pleadings how the 20 pupil size accommodation requested would enable her to teach but the larger class size would not. The Rehabilitation Act claim, as before, went the way of that under Title I, and supplemental jurisdiction over actions under the Civil Code was again declined without prejudice.

The briefs for the appealing plaintiffs primarily address the district court's failure to apply properly the standard of review under Rule 12(b)(6), and do not take issue with any of its conclusions of statutory interpretation or immunity from suit. We thus infer that all claims of error are waived, except as to the sufficiency of allegations as stating claims that the Department and its Secretary are responsible under Title I or § 504 of the Rehabilitation Act for failures to make reasonable accommodations for disabilities. While it is true that both appellants' briefs do refer to their "Title II pleadings," they go no further than paraphrasing the statutory text and neglect to address the district court's ruling that Title II does not cover employment discrimination. Such passing and conclusory references are inadequate to press an issue on appeal.

The statement of a claim of actionable failure to make reasonable employment accommodation for disability under either Title I of the ADA or §504 of the Rehabilitation Act must allege a disability covered by the statute, the ability of the plaintiff to do a job with or without accommodation as the case may be, and the refusal of the employer, despite knowledge of the disability, to accommodate the disability by reasonably varying the standard conditions of employment. Enica v. Principi, 544 F.3d 328, 338 &

n.11 (1st Cir. 2008).  The district court found the allegations deficient with respect to the third element.[4]

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The make-or-break standard, as the district court recognized, is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009) (citing Twombly, 550 U.S. at 570); see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (footnote and citations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 1949 (citations omitted).

---

[4] This dispositive focus on the third element was apparently a sua sponte choice of the district court; neither motion to dismiss mentioned it.

-8-

We think that the district court demanded more than plausibility. Each set of pleadings includes two significant sets of allegations. First, for a period of four or five school years the school administration provided the reduced class size in response to the respective plaintiff's request, supported by some sort of medical certification attesting to its legitimacy. In each complaint, those years of requested accommodation are put forward as establishing, in effect, a base-line of adequacy under the statute in response to an implicit acknowledgment that a statutory disability required the provisions that were made.[5]

Second, each set of pleadings describes changed facts beginning in the 2007-08 year, in which instructions from the defendant Secretary resulted in raising the class size to 30 (with a young team teacher to share the load with Sepúlveda). Each complaint alleges that the plaintiff's emotional and physical health subsequently deteriorated to the point of requiring treatment, and each concludes that assigning 30 pupils was less than reasonable accommodation under the statute. To be sure, this sequence of alleged facts does not describe a causal connection in terms of the exact psychological or physiological mechanism by which each plaintiff's capacity continues to be overwhelmed. But

[5] The precise location of the base-line is difficult to pin down as the number of students in each appellant's class varied somewhat during the good years (from 15 to 20 for Sepúlveda; from "a maximum of 20" to "a minimum of 20" for Velázquez).

reading the allegations with the required favor to the plaintiff means accepting the changes in class size as the only variable, from which one would infer that there probably is some causal connection between the work of a doubled class size and the physical and emotional deterioration of the disabled teacher. After all, for years the school authorities themselves apparently thought the small classes were the reasonable and appropriate size; it does not seem remarkable that a teacher would be worn down by doubling the size, even with a young helper, who will need to be supervised.[6]

We therefore see the trial judge's call for allegations explaining "how" class size was significant and the change in size was actionable as a call for pleading the details of medical evidence in order to bolster the likelihood that a causal connection will prove out as fact. It may even be read as an expression of skepticism that medical evidence would support the causal claim that increased class size damaged health. But Twombly

---

[6] In fact, Velázquez specifically alleges that "[t]his failure to accommodate her has aggravated her physical disability condition by the increase[d] use of her voice with the larger amount of students causing her pain, mental anguish, having to go . . . for treatment and continued absences from her job." Construed in the light most favorable to her, this allegation seems to provide the explanation the district court was looking for: "why a difference of ten students would impact Plaintiff's ability to perform her job functions." The counterintuitive placement of this allegation (about "[t]his failure to accommodate") at the end of a paragraph otherwise describing only a year in which Velázquez received full accommodation may explain why the district court missed it.

cautioned against thinking of plausibility as a standard of likely success on the merits; the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor. See Twombly, 550 U.S. at 556 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")

None of this is to deny the wisdom of the old maxim that after the fact does not necessarily mean caused by the fact, but its teaching here is not that the inference of causation is implausible (taking the facts as true), but that it is possible that other, undisclosed facts may explain the sequence better. Such a possibility does not negate plausibility, however; it is simply a reminder that plausibility of allegations may not be matched by adequacy of evidence. A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss, and the fair inferences from the facts pleaded in these cases point to the essential difference between each of them and the circumstances in Twombly, for example, in which the same actionable conduct alleged on the defendant's part had been held in some prior cases to be lawful behavior. See Twombly, 550 U.S. at 553-54, 564-69.

We therefore **vacate** the portion of the order in each case that found the complaint inadequate to state a Title I violation,

and inadequate to state a Rehabilitation Act claim for the same reason.  We likewise **<u>vacate</u>** the order relating to the Commonwealth law claims, which were dismissed for want of any surviving federal claim.  Costs are taxed against the Department of Education of Puerto Rico.

**<u>So ordered.</u>**