Rafael Limardo **RODRIGUEZ,**
Plaintiff,

v.

**ORIENTAL FINANCIAL GROUP INC.,** Defendant.

**Civil No. 10–2182 (DRD).**

United States District Court,
D. Puerto Rico.

July 14, 2011.

Alondra M. Fraga–Melendez, Alondra Fraga Melendez Law Offices, Gregorio J. Igartua–Arbona, San Juan, PR, for Plaintiff.

Alfredo Fernandez–Martinez, Elias Correa–Menendez, Delgado & Fernandez Fernandez Juncos Station, San Juan, PR, for Defendant.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are: (a) Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) (Docket No. 9) filed by Defendant Oriental Financial Group Inc. ("Oriental"); and (b) Opposition to the Motion to Dismiss (Docket No. 10) filed by Plaintiff Rafael Limardo Rodriguez ("Limardo"). For the reasons set forth below, Oriental's Motion to Dismiss is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Limardo filed a Complaint on December 3, 2010 (Docket No. 1) against Defendant Oriental alleging a violation under Section 606 of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166. The Complaint alleges that Oriental failed to provide adequate notice to Limardo of his rights under the Employee Retirement Income Security Act ("ERISA"), pursuant to 29 U.S.C. § 1166, at the time of Limardo's commencement in the health plan, and when Limardo's employment was terminated. For these violations, Limardo is seeking an award of $220 per day until the notice violations are corrected. Limardo also claims that under Puerto Rico Law No. 80 of May 30, 1979, 29 L.P.R.A. §§ 185a, et seq. ("Law 80"), Oriental owes him a severance payment for unjust dismissal in the amount of $26,363.75.

On February 4, 2011, Oriental filed a motion to dismiss (Docket No. 9). Therein, Oriental advocates that Limardo failed to allege in the Complaint that Oriental acted in bad faith and that Limardo was adversely affected by the alleged lack of notification. Additionally, Oriental states that since Limardo's Law 80 claim was brought before this Court's jurisdiction thru the COBRA claim, then the Complaint should be dismissed when this Court dismisses the COBRA claim.

On February 18, 2011, Limardo filed an opposition to the motion to dismiss (Docket No. 10). Therein, Limardo asserts that no statute or court require any allegations of adverse effect, prejudice, or bad faith in order to determine that a failure in the notice procedures has occurred. Nonetheless, Limardo stresses that as a result of not receiving the proper notice under ERISA–COBRA, his access to medical services was impaired.

## THE MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provides that a complaint will be dismissed for "failure to state a claim upon which relief can be granted." "So, when the allegations in a complaint, however true, fall short of a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (Citations omitted). *Bell Atlantic Corporation, et al. v. Twombly, et al.,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In *Twombly,* 550 U.S. at 555 and 570, 127 S.Ct. 1955, the Court held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... (citations omitted) ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). **Factual allegations must be enough to raise a right**

to relief above the speculative level, *see* 5C. Wright & Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004).

. . .

Here, in contrast, we do not require heightened fact pleading of specifics, **but only enough facts to state a claim to relief that is plausible on its face.** Because the plaintiffs here have not nudged their claims across the line from **conceivable to plausible,** their complaint must be dismissed. (Emphasis ours).

*See also Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Specific facts are not necessary; the **statements need only 'give the defendants fair notice of what the . . . claim is and the grounds upon which it rests'**") (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) (emphasis ours).

In *Twombly,* 550 U.S. at 562–563, 127 S.Ct. 1955, the Court held:

We could go on, but there is no need to pile up further citations to show that *Conley's* **"no set of facts" language** has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. **But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement.** (Emphasis ours).

Thus, the new standard under *Twombly* is that a claim for relief must contain allegations that "are plausible on its face." *See also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Sepúlveda–Villarini v. Department of Ed-*

*ucation of Puerto Rico,* 628 F.3d 25, 29 (1st Cir.2010), SOUTER, J., as Associate Justice (Ret.), the Court held:

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8(a)(2) and *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). **The make-or-break standard, as the district court recognized, is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.** *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950–51, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955); *see also Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (footnote and citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. **The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.**" *Id.* at 1949 (citations omitted). (Emphasis ours).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, and reiterated at *Iqbal,* 129 S.Ct. 1937. "Context based" means that plaintiff must

allege facts that comply with the basic elements of the cause of action. See *Iqbal*, 129 S.Ct. at 1949–1950 (explaining the basic elements of a *Bivens* claim and thereafter concluding that facts were not sufficiently provided, leaving only conclusory *statements* ).

First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir.2009) (quoting *Iqbal*, 129 S.Ct. 1937) (internal quotation omitted).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Id.* This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.* Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 41 (1st Cir.2009)."

A complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). Similarly, unadorned factual assertions are inadequate as well. *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592 (1st Cir.2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

## APPLICABLE LAW AND DISCUSSION

### A. ERISA–COBRA NOTICE REQUIREMENTS

COBRA requires "Group Health Plans" that are covered by ERISA to notify participating employees of their COBRA rights at the time of commencement of coverage under the plan. 29 U.S.C. § 1166(a)(1). COBRA requires the employer of an employee under a "Group Health Plan" covered by ERISA to notify the administrator of a qualifying event described in paragraph (1),(2),(4), or (6) of section 1163 of the same title within thirty (30) days of the date of the qualifying event. 29 U.S.C. § 1166(a)(2). Thereafter, the plan administrator shall notify the participant within fourteen (14) days of the date it is notified of the qualifying event of the beneficiary's rights. 29 U.S.C. § 1166(a)(4) and c.

In case of a qualifying event, 29 U.S.C. § 1163, an employer is required to allow former employees the opportunity to elect the continuation of the Group Health Plan provided to its employees, under the same terms and conditions, at the employees own costs. 29 U.S.C. §§ 1161, 1162(2)(A)(i). After the occurrence of a qualifying event, the health insurance benefit lasts for a period of eighteen (18) months. See 29 U.S.C. § 1162(2)(A)(i).

For the purpose of COBRA, the term "qualifying event" is defined as follows:

*(1) The death of the covered employee.*

*(2) The termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment.*

*(3) The divorce or legal separation of the covered employee from the employee's spouse.*

*(4) The covered employee becoming entitled to benefits under the Social Security Act.*

*(5) A dependent child ceasing to be a dependent child under the generally applicable requirements of the plan.*

*(6) A proceeding in a case under Title 11, commencing on or after July 1, 1986, with respect to the employer from whose employment the covered employee retired at any time.*

29 U.S.C. § 1163 (emphasis ours as applicable to this particular Complaint).

 "In an action for benefits under COBRA, the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee." *Torres–Negron v. Ramallo Bros. Printing Inc.,* 203 F.Supp.2d 120 (D.P.R.2002) (citing *Stanton v. Larry Fowler Trucking Inc.,* 52 F.3d 723, 728–29 (8th Cir.1995); *Rodriguez v. International College of Business and Technology Inc.,* 364 F.Supp.2d 40 (D.P.R.2005). In addition to requiring that the notice be in writing, COBRA contains no specific requirements as to the manner in which the notice must be provided. See *Torres–Negron,* 203 F.Supp.2d at 124 (citing *Lawrence v. Jackson Mack Sales Inc.,* 837 F.Supp. 771, 782 (S.D.Miss.1992); *Myers v. King's Daughters Clinic,* 912 F.Supp. 233, 236 (W.D.Tex. 1996).

Courts that have addressed the issue of notice requirements have held that a "good faith attempt to comply with a reasonable interpretation of the statute is sufficient." See *Myers,* 912 F.Supp. at 236 (stating that courts have generally approved the employer's methods of giving notification where those methods are reasonably calculated to reach the employee) (citing *Truesdale v. Pacific Holding Co./Hay Adams Div.,* 778 F.Supp. 77, 81–82 (D.D.C.1991) (holding that when COBRA notices are sent via first class mail to the last known location of the employee, employers have

been found to be in compliance of section 1166(a)). See also *Mercado–Garcia v. Ponce Federal Bank,* 979 F.2d 890 (1st Cir.1992) (holding that notice sent via certified mail is appropriate).

 Moreover, "[Section 1166] . . . does not require proof of actual notice, so long as the administrator has sent the notice by means reasonably calculated to reach the recipient." *Hearst v. Progressive Foam Technologies, Inc.,* 641 F.3d 276 (8th Cir. 2011) (citing *Crotty v. Dakotacare Admin. Servs., Inc.,* 455 F.3d 828, 829 (8th Cir. 2006). In *Keegan v. Bloomingdale's, Inc.,* 992 F.Supp. 974 (N.D.Ill.1998), the court held that "proof of receipt of notice of terminated employee, of right to continue group health benefits of former employer, is not required in order for terminated employee to be deemed to have received notice".

 Courts have held that even when the employee is given COBRA notification at the commencement of their employment, employers are still required to provide adequate notification of continuing coverage upon the occurrence of a later qualifying event. See *Torres–Negron,* 203 F.Supp.2d at 124. Additionally, "employees personal knowledge of [its] COBRA rights likewise does not nullify the administrator's statutory duty to give notice upon termination." *Id.* at 125; *Holford v. Exhibit Design Consultants,* 218 F.Supp.2d 901, 906 (W.D.Mich.2002).

### B. ERISA–COBRA PENALTIES

Courts consider a number of factors when determining whether a penalty against an employer is warranted. Two of the main factors considered are: (a) the prejudice suffered by the participant, and (b) the nature of the administrator's conduct, focusing on whether the administrator acted intentionally or in bad faith. *Davis v. Featherstone,* 97 F.3d 734 (4th

Cir.1996) (holding that frustration, trouble, and expense are also relevant factors when a district court is considering whether to impose a penalty); *Rodriguez–Abreu v. Chase Manhattan Bank, N.A.,* 986 F.2d 580 (1st Cir.1993)[1]. In the absence of bad faith or prejudice towards employee, some courts have refused to impose any penalty under § 1132(c)(1)(B). *Bartling v. Fruehauf Corp.,* 29 F.3d 1062 (6th Cir.1994) (citing *Rodriguez–Abreu,* 986 F.2d at 580); *Gonzalez Villanueva v. Warner Lambert,* 339 F.Supp.2d 351 (D.P.R.2004) (holding that "courts are reluctant to impose statutory penalty in absence of showing of bad faith and when failure to notify has not resulted in any prejudice...").

Contrarily, the majority of courts have held that pure non-compliance with ERISA is appropriate to award statutory fines, even when the participant has suffered no actual harm. See *Torres–Negron,* 203 F.Supp.2d at 125; *DiSabatino v. DiSabatino Bros., Inc.,* 894 F.Supp. 810, 816–17 (D.Del.1995) (citing *Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488, 1494–95 (11th Cir.1993) (holding that the penalty of $100 a day is unrelated to a plan participant's injury and is, instead, intended to punish non-compliance and not to compensate).

### PLAINTIFF'S ERISA–COBRA CLAIMS V. RULE 12(b)(6): ARE THEY PLAUSIBLE?

In order to survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief. See *Pereira–Castillo,* 590 F.3d at 41. When analyzing a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true. *Maldonado v. Fontanes,* 568 F.3d 263, 268 (1st

Cir.2009) (quoting *Iqbal,* 129 S.Ct. 1937) (internal quotation omitted). In order for Limardo's Complaint to survive a Rule 12(b)(6) motion, the Complaint must allege facts, that if taken as true, would meet the aforementioned ERISA–COBRA requirements.

### Plaintiff's Claims under COBRA I

■ Limardo alleges that on August 16, 1999 he began working for Oriental without a fixed term and for economic compensation. Limardo claims that one year after commencing his employment he became a participant of the Group Health Plan maintained by Oriental, and that "at his commencement as a participant of the Group Health Plan, Defendant did not inform [him] of his rights under ERISA–COBRA Federal Law." (Docket No. 1, ¶ 11). "The group health plan shall provide, at the time of commencement of coverage under the plan, written notice to each covered employee and spouse of the employee (if any) of the rights provided under [ERISA–COBRA]." 29 U.S.C. § 1166(a)(1). The burden of proving that adequate COBRA notification was given to Limardo falls on the plan administrator, which in this case is Oriental. See *Torres–Negron,* 203 F.Supp.2d at 120. Oriental claims that it had provided adequate notice to Limardo regarding his rights under ERISA–COBRA. Oriental bears the burden of proving that adequate notice was provided, but in the motion to dismiss, Oriental failed to set forth any factual allegations and/or supporting documents showing that adequate notice had been provided. On the other hand, Plaintiff alleged sufficient facts, such as specifically stating that "at his commencement

---

**1.** In *Rodriguez–Abreu,* 986 F.2d at 588, the plaintiff failed to **show** at summary judgment any harm. In the instant case, harm is sufficiently alleged and the Court must accept the allegations in the light most favorable to

Plaintiff who stated "impairment to medical services." (Docket No. 1, ¶ 18). This may of course be probed in discovery and/or at summary judgment.

as a participant of the Group Health Plan, Defendant did not inform [Plaintiff] of his rights under ERISA–COBRA Federal Law," to withstand a motion to dismiss. (Docket No. 1, ¶ 11).

Therefore, with regards to the first COBRA claim, the **Court DENIES** Oriental's motion to dismiss because Limardo's allegations, if taken as true, provide a plausible claim for relief.

### Plaintiff's Claims under COBRA II

In case of a qualifying event, an employer is required to allow former employees the opportunity to elect the continuation of the Group Health Plan provided to its employees, under the same terms and conditions, at the employees own costs. 29 U.S.C. §§ 1161, 1162(2)(A)(i). Termination (other than by reason of such employee's gross misconduct) of the covered employee's employment classifies as a qualifying event. 29 U.S.C. § 1163(2).

█ Although the term "gross misconduct" is not statutorily defined, the majority of courts analyzing the term's meaning have concluded that "intentional" or "willful misconduct" is generally required. *Lloynd v. Hanover Foods Corp.*, 72 F.Supp.2d 469 (D.Del.1999). *See also Zickafoose v. UB Services Inc.*, 23 F.Supp.2d 652 (S.D.W.Va.1998) (holding that "gross misconduct must be so outrageous, extreme, and unconscionable that it truly 'shocks the conscience' "). "Gross misconduct must involve more than ordinary negligence or incompetence and requires conduct that is intentional, wanton, willful, deliberate, reckless, or in deliberate indifference to an employer's interest." *Giddens v. University Yacht Club, Inc.*, No. Civ.A. 2:05–CV–19–WC, 2006 WL 508056 (N.D.Ga. Mar. 1, 2006); *Mlsna v. Unitel Commc'ns Inc.*, 91 F.3d 876, 881 (7th Cir. 1996) *Collins v. Aggreko, Inc.*, 884 F.Supp. 450, 453(D.Utah 1995) (citing *Burke v. Am. Stores Employee Benefit Plan*, 818 F.Supp. 1131, 1135 (N.D.Ill.1993). "Employer's belief that the employee engaged in gross misconduct must be more than an honest, actual belief ... rather, the record must reveal that the employee did indeed engage in the gross misconduct." *De Nicola v. Adelphi Acad.*, No. CV–05–4231, 2006 WL 2844384 (E.D.N.Y. Sept. 29, 2006) (citing *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680 (7th Cir.1997) (**Emphasis ours**). When the reason for the employment termination is in dispute, courts have often stepped in to determine whether the employee's behavior constituted gross misconduct. See *Lloynd*, 72 F.Supp.2d at 475.

█ Limardo alleges that on September 1, 2010, he was discharged without just cause by Oriental, without any reason for his termination. Although, Oriental alleges that Limardo was terminated for good cause, it fails to state that Limardo's employment was terminated due to his gross misconduct, an exception to the employment termination qualifying event. Hence, if COBRA benefits are in dispute, the employer, and/or the plan administrator has the burden of proving that COBRA notice was properly given to the employee. *See infra* Pages 354–55.

In the instant case, termination due to "gross misconduct" constitutes an affirmative defense, similar to a defense to a termination under: (a) local Law 80 of 1976, 29 L.P.R.A. §§ 185a, et seq., and/or (b) a defense to a wage and hour claim filed by an executive, administrator, professional and/or independent contractor, under the Fair Labor Standard Act, 29 U.S.C. § 201, et seq. These are matters wherein the defendant carries the full burden of proof, not the plaintiff.

Limardo states that during the last ten (10) years of his employment, and on the date of his wrongful termination, he was a participant of the Group Health Plan maintained by Oriental for the benefits of its

employees, through Triple–S Health Insurance Co. Limardo further claims that "Defendant never provided [him] with CO-BRA election materials." (Docket No. 1, ¶ 15). Limardo also asserts that "[he] was not given notice of his right to elect continuation coverage of their health plan as required by COBRA." (Docket No. 1, ¶ 16). As a result, Limardo alleges that this violation caused him damages and impaired his access to medical services. Oriental asserts that it provided Limardo with information regarding his rights under ERISA–COBRA, and with the requisite notice advising him of his rights for continuing coverage. Assuming that all allegations of Plaintiff's complaint are true, as we must at a Rule 12(b)(6) motion to dismiss, See *Maldonado,* 568 F.3d at 268, the Court must deny the request and leave the motion for a potential summary judgment and/or a matter to be decided ultimately at trial by the jury.

Lastly, Oriental argues that the Complaint should be dismissed because Limardo failed to allege that he had been adversely affected by the lack of coverage in a significant manner, and that Oriental had acted in bad faith when withholding notice. This argument is meritless, because acting in bad faith and being prejudiced by lack of notification are two factors, not requirements, that courts consider when analyzing ERISA–COBRA claims. See *Davis v. Featherstone,* 97 F.3d at 738. The bad faith and prejudicial factors are non-determinative. *Id.* Although Limardo did not allege that Oriental acted in bad faith, he did allege that he had been adversely affected because his access to medical services has been impaired, which is sufficient under the law. See *Gonzalez Villanueva,* 339 F.Supp.2d at 359 (stating that "if the plan participant cannot show that he/she has been adversely affected in some significant fashion, the discretionary penalty allowed by the statute is rarely imposed).

In sum, the Court finds that the instant Complaint contains sufficient factual allegations, that if taken as true, provide a plausible claim for relief. Limardo alleges that Oriental failed to provide him with adequate notification at both the commencement of his participation in the Group Health Plan and at the time his employment was terminated. Moreover, Limardo's factual allegations demonstrate a qualifying event by stating that he had been dismissed without just cause. The Court notes that a final determination has not yet been issued as to Limardo's alleged wrongful dismissal. In cases where the cause of the employee's termination is in dispute, employers shall provide the dismissed employees with adequate ERISA–COBRA notification and the option of continued coverage, until it is determined that the employee was dismissed because of his/her gross misconduct, as provided by 29 U.S.C. § 1163(2), which is the only exception to the notice requirement. Most critical, Limardo also claims that the lack of notification has caused him prejudice, and "impaired his access to medical services." (Docket No. 1, ¶ 18). Therefore, with regards to the second COBRA claim, the **Court DENIES** Oriental's motion to dismiss because Limardo's allegations, if taken as true, provide a plausible claim for relief.

### Unjust Dismissal Under Puerto Rico Law

The Court accepts the unjust dismissal cause of action under Puerto Rico Law, 29 L.P.R.A. §§ 185a, et seq., based on supplemental jurisdiction, 28 U.S.C. § 1367(a). In *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168 (1st Cir.1995), the court adopted an interpretation of supplemental jurisdiction under 28 U.S.C. § 1367 as "Congress [was] essentially codif[ying] the rationale articulated in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16

L.Ed.2d 218 (1966)" (other citations omitted).

"The *Gibbs* Court instructed that pendent jurisdiction exists when 'the relationship between federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.' *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130. **In particular, 'the state and federal claims must derive from a common nucleus of operative fact.'** *Id.* **Thus, 'if, considered without regard to their federal or state character, a plaintiff's claims are such that she would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.'"** *Id.* **(emphasis ours)**

See *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d at 1176.

In the instant case, the termination of the plaintiff is potentially critically determinative. The Court, however, is not deciding that the local standard for termination is an appropriate standard under the federal labor laws to determine whether the termination of the plaintiff complies with the "intentional or willful misconduct" under the federal COBRA standard of "gross misconduct," 29 U.S.C. § 1163(2). Under Puerto Rico law, the standard is not one of "intentional or willful" misconduct, as the laws merely require that the employer prove "just termination" under the specific reasons set forth under the statute, 29 L.P.R.A. § 185a(b), which enumerates the specific "just" causes that the employer must prove to exonerate a severance payment. Notwithstanding, the instant local severance cause of action stems from "a common nucleus of operative facts" as to the termination of the employment of Plaintiff. *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130; hence, the Court shall entertain said cause of action.

The Court must follow the federal standard of "gross misconduct" under COBRA meaning "so outrageous, extreme and unconscionable that it will shock the conscience." See *Zickafoose*, 23 F.Supp.2d at 655.

## CONCLUSION

For the reasons stated above, Oriental's motion to dismiss (Docket No. 9) is **DENIED**. Oriental is granted fourteen (14) days to answer the Complaint. An initial scheduling conference is hereby set for August 16, 2011 at 5:00 P.M.

**IT IS SO ORDERED.**