UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Charles Stanton**

   **v.**

**Harold Lassonde, III, et al.**

Case No. 13-cv-537-PB
Opinion No. 2014 DNH 153

**O R D E R**

Charles Stanton was held liable in a state court action for breach of contract and defamation.  After losing in state court, he filed this action against the victorious plaintiff and his attorney.  Although Stanton's theories of liability are difficult to understand, he appears to argue that the defendants are liable under 28 U.S.C. §§ 1983 and 1985 because they conspired with a state court clerk and the state court judge who presided over his case.  The defendants have moved to dismiss the complaint for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).

In deciding a motion to dismiss, I employ a two-step approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."

Id. (citations, internal quotation marks, and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

Stanton's amended complaint does not come close to satisfying the Rule 12(b)(6) standard.  Although he bases his claim on a charge of conspiracy, he pleads no facts to support his conclusory assertions.  Instead, he points to what he claims are obviously illegal actions by the state court actors and argues that the defendants must have joined in the conspiracy because they were the beneficiaries of the state actors' illegal

2

actions.  This is simply not sufficient to support a viable conspiracy claim.

Defendants' motion to dismiss (Doc. No. 16) is granted.

SO ORDERED.


                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge
July 9, 2014

cc:  Charles Stanton, pro se
     William Saturley, Esq.

3