**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Jonathan Andrew Perfetto

   v.

New Hampshire Department of Corrections
Commissioner Helen Hanks et al.[1]

Case No. 18-cv-554-SE
Opinion No. 2023 DNH 034

**O R D E R**

In this action, Plaintiff Jonathan Andrew Perfetto, a New

Hampshire Department of Corrections ("DOC") prisoner, presently

housed at a state prison in Montana, asserts that in 2016, while

he was incarcerated at the New Hampshire State Prison ("NHSP"),

one or more of the defendants caused Perfetto to receive a

Merrimack County Superior Court ("MCSC") order dismissing a

civil case Perfetto was litigating in that court twelve days

late. Perfetto asserts that, due to his late receipt of that

order, he was unable to file a timely motion with the MCSC to

reconsider its order of dismissal. Perfetto alleges that the

---

[1] The defendants remaining in this case are New Hampshire
State Prison employees: Lt. James Brown; Sgt. Patrick Bettens;
Sgt. Robertson Murray; Cpl. Gerald Williams; Cpl. Stacie
Lamontagne; Cpl. John/Jane Doe; and Mailroom Officer John/Jane
Doe. The Doe defendants have neither been identified nor served
in this matter. The Court has been advised that Bettens, who has
not been served in this matter, is deceased. Other individuals
named in the initial complaint (doc. no. 1) and first amended
complaint (doc. nos. 5, 5-1) have been dismissed from this
action.

defendants' actions delaying delivery of his legal mail violated his First Amendment right to petition the government for a redress of grievances and his Sixth Amendment right of access to the courts.

Before the court for consideration are: the defendants' motion (doc. no. 75) seeking to renew their original motion to dismiss (doc. no. 26) the first amended complaint (doc. nos. 5, 5-1) ("FAC"); and their supplemental motion to dismiss (doc. no. 78) filed in response to Perfetto's second amended complaint (doc. no. 77) ("SAC"). For the reasons that follow, the court grants the defendants' supplemental motion to dismiss, and denies the defendants' motion to renew the original motion to dismiss as moot.

## Background Facts and Procedural History

### I.   Factual Background

On August 7, 2015, Perfetto filed a civil rights action in the MCSC against a number of DOC employees, Perfetto v. Cascio, No. 217-2015-cv-00397 (MCSC) ("Cascio"). Perfetto also filed motions in Cascio asking the MCSC to waive the Merrimack County Sheriff Department ("MCSD") fee for serving process on the defendants. The MCSC denied those motions, stating that it did not have the authority to waive fees charged by the MCSD, and that Perfetto could seek a waiver directly from the MCSD. It

2

also extended the period of time for Perfetto to serve the defendants in Cascio.

On June 10, 2016, Perfetto filed a motion in Cascio asking the MCSC to direct its clerk's office to effect service. On June 13, 2016, in response to that motion, the MCSC ordered that Perfetto could serve the NHSP defendants by certified mail and extended his deadline to do so until July 20, 2016. Perfetto states that he never received the June 13, 2016 Order.

On August 30, 2016, the MCSC found that Perfetto had neither completed service on the Cascio defendants nor moved to extend the deadline to do so, and dismissed the case on that basis, citing New Hampshire Superior Court Rule 4(c).[2] See doc.

---

[2] New Hampshire Superior Court Rule 4(c) states:

> Upon receipt of the Complaint and, if the filing fee is not waived, the filing fee, the court will process the action and provide plaintiff with the completed Summons for service. The Summons will identify: (i) the date the Complaint is filed; (ii) the court-ordered deadline for service; and (iii) a hearing date, if appropriate. Plaintiff will cause the Summons together with a copy of the Complaint to be served on defendant no later than the court-ordered deadline for service, service to be made as specified in RSA 510, or as otherwise allowed by law. Proof of service shall be filed with the court within 21 days of the court-ordered deadline for service. If a defendant is not served within the court-ordered deadline for service, the court shall dismiss the action with or without prejudice, as justice may require.

N.H. Super. Ct. R. 4(c) (emphasis added).

3

no. 26-10. In this case, Perfetto asserts that each of the defendants plays some role in delivering legal mail to NHSP prisoners, and that one or more of them caused him to receive his copy of the MCSC's August 30, 2016 order twelve days late. Perfetto does not identify the specific date he received the August 30, 2016 order. Given his statement that the mail should have taken one or two days, the court can reasonably infer that he received the order on or about September 13, 2016. As a result of the delay, Perfetto claims, he could not file a motion to reconsider the order in compliance with the New Hampshire Superior Court Rules.

Perfetto did file a late motion to reconsider the August 30, 2016 dismissal order, which was dated October 10, 2016 and was received by the MCSC on October 14, 2016. In the motion to reconsider, Perfetto, mistakenly believing that the MCSC had dismissed Cascio because it had not received his June 7, 2016 motion for clerk service, asked the MCSC to allow him to resubmit the motion for clerk service.

Perfetto did not, in his motion to reconsider, state that he had received the August 30, 2016 order twelve days late. Nor did he provide any other explanation for failing to file his motion to reconsider until October 14, 2016, approximately one month after he received the order. Additionally, Perfetto's motion to reconsider did not identify any "points of law or fact

4

that the court ha[d] overlooked or misapprehended." See N.H. Super. Ct. R. 12(e). On November 7, 2016, the MCSC denied Perfetto's motion to reconsider, finding that it was "untimely and assert[ed] no ground for relief." Doc. no. 26-12.

A month later, on December 8, 2016, Perfetto sought an extension of time to object to the MCSC's denial of his motion for reconsideration, which the Court denied "as it raise[d] no matters not previously considered by the Court." Dec. 28, 2016 Order (MCSC) (doc. no. 26-2 at 4). Mr. Perfetto did not appeal the MCSC's dismissal of Cascio to the New Hampshire Supreme Court ("NHSC").

On March 26, 2018, Perfetto filed a motion in Cascio seeking to reopen that matter, which the MCSC denied as untimely. See Apr. 3, 2018 Order (MCSC) (doc. no. 26-2 at 4). More than a year after that, Perfetto again sought to reopen Cascio, and the MCSC again denied the request, stating "[t]he Motion sets forth no basis of relief" and that "Plaintiff has not complied with the Superior Court Rules." June 10, 2019 Order (MCSC) (doc. no. 26-2 at 4). It does not appear that Perfetto ever attempted to file a new action in the MCSC raising the claims he asserted in Cascio.

5

## II.  Procedural History

Perfetto filed his initial complaint (doc. no. 1) in this case in June 2018, asserting multiple claims against numerous defendants. In July 2019, Perfetto filed a motion to amend the complaint (doc. no. 5). The court allowed the amendment and deemed the FAC (doc. nos. 5, 5-1), to be the operative complaint in this matter. After conducting preliminary review of the FAC, the Court found that two claims, identified in the April 27, 2020 Report and Recommendation ("R&R") as Claims 3(a) and 3(b), could proceed in this case, and dismissed the other claims asserted in the FAC. See Mar. 29, 2021 Order (doc. no. 48) (approving Apr. 27, 2020 R&R (doc. no. 17)).

The defendants filed a motion to dismiss claims 3(a) and 3(b). See doc. no. 26. The court denied the motion to dismiss without prejudice to the defendants' ability to renew the motion after the court resolved Perfetto's request for court-appointed counsel. See Mar. 19, 2021 Order. After the court denied Perfetto's motion for court-appointed counsel, see June 14, 2021 Order, the defendants moved to renew their motion to dismiss, see doc. no. 56. Subsequently, Perfetto filed a motion (doc. no. 60) seeking leave to file a second amended complaint in lieu of an objection to the motion to dismiss. The court granted that motion, directed Perfetto to file his SAC by April 22, 2022, see Mar. 23, 2022 Order, and denied the defendants' motion to renew

6

as likely to be mooted by the SAC, see Mar. 23, 2022 Order. The court subsequently extended Perfetto's deadline to file his SAC until June 21, 2022. See May 26, 2022 Order. Perfetto also filed a motion (doc. no. 73) seeking the court's permission to voluntarily dismiss claim 3(a), which the court granted. See doc. no. 76 (approving May 26, 2022 R&R).

On June 28, 2022, Perfetto filed his SAC (doc. no. 77) asserting only the claim which the court had previously identified as claim 3(b), as follows:

> Defendants violated Mr. Perfetto's First and Sixth Amendment rights to meaningfully access the courts and to petition the government for a redress of his grievances, in that . . . one or more of the following NHSP officials: Lt. Jim Brown, Sgt. Bettens, Sgt. Murry, Cpl. Williams, Cpl. Stacie Lamontagne, Cpl. John/Jane Doe, and Mailroom Officer McLoud delayed delivering to Mr. Perfetto his copy of the MCSC's August 30, 2016 notice of dismissal in Perfetto v. Cascio, No. 217-2015-CV-397 (N.H. Super. Ct., Merrimack Cty.) for twelve days, causing Mr. Perfetto to receive that notice too late to allow him to file a timely motion to reconsider the dismissal of his case, resulting in the denial of Mr. Perfetto's October 14, 2016 motion to reconsider, at least in part because the motion was untimely filed.

Apr. 27, 2020 R&R (doc. no. 17 at 5), approved by Mar. 9, 2021 Order (doc. no. 48).[3]

---

[3] Perfetto has not identified any specific act taken by any particular defendant which caused the injuries alleged in this action, stating that he would need discovery to determine those facts. Because the court can decide this motion without that information, the court assumes without deciding that Perfetto could show that one or more of the defendants acted or failed to

7

The defendants have now filed a motion (doc. no. 75) seeking to renew their original motion to dismiss (doc. no. 26) the FAC as well as a supplemental motion to dismiss (doc. no. 78) the SAC, asserting that Perfetto has failed to state a claim upon which relief might be granted under Federal Rule of Civil Procedure 12(b)(6). Other than the SAC, which was filed in response to the defendants' first motion to dismiss, Perfetto did not file an objection to the defendants' motions.

## Discussion

### I.   Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In testing a complaint's sufficiency, the court employs a two-step approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, the court screens the

---

act in a manner that delayed the delivery of the August 30, 2016 MCSC order to him as alleged.

complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. Second, the court credits as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determines if those allegations and inferences support a claim upon which relief might be granted. Id. Courts may augment those pleaded facts and inferences with information from "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

That standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Twombly, 550 U.S. at 556. The "make-or-break standard" is that those allegations and inferences, "taken as true, must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Deep's of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).

II.  Motion to Dismiss

The defendants, in their supplemental motion to dismiss, impliedly seek to incorporate their original motion to dismiss by reference. Because the original motion to dismiss sought dismissal of both claim 3(a) and 3(b), and claim 3(a) was later

voluntarily dismissed, the court construes the supplemental motion to dismiss to incorporate the defendants' original motion to dismiss to the extent the original motion to dismiss sought dismissal of claim 3(b).

After being given an extended period of time to file an objection to the defendants' original motion to dismiss, and the defendants' first motion to renew the original motion to dismiss, Perfetto declined to object to the defendants' request to renew their original motion to dismiss. Instead, Perfetto advised the court that he preferred to file a second amended complaint, rather than an objection, to address the defendants' arguments in the original motion to dismiss. See doc. no. 60.[4] As Perfetto was provided with ample opportunity to respond to all of the arguments in the original motion to dismiss, it does not appear that he would suffer any unfair prejudice by this court's incorporation of the arguments set forth in the

---

[4] In his motion for leave to file a second amended complaint, Perfetto states:

> The defendants filed a motion to dismiss [(doc. no. 26)] on June 19, 2020 and renewed it last month when the Court denied without prejudice the plaintiff's motion for Court-Appointed counsel. The plaintiff filed a motion to continue response to the defendant's last month and after review, he seeks the opportunity to amend his complaint to be able to effectively object to their motion [to dismiss].

Doc. no. 60 at 2 (some punctuation omitted).

10

defendants' original motion to dismiss, concerning Claim 3(b), in its consideration of the supplemental motion to dismiss.

In the supplemental motion to dismiss, and the original motion to dismiss to the extent it is incorporated therein, the defendants argue that Perfetto has failed to state a Sixth Amendment claim alleging that he was denied access to the courts because he has failed to identify any actual injury caused by the alleged delayed delivery of the August 30, 2016 MCSC order that he suffered to any nonfrivolous claim that he was legally entitled to pursue. The defendants also argue that Perfetto's October 14, 2016 motion to reconsider was denied both because it was untimely and because it failed to state grounds for relief, and that Perfetto therefore cannot show, that a timely motion to reconsider the August 30, 2016 dismissal of Cascio would have been successful. The defendants further argue that the August 30, 2016 order dismissing Cascio for failure to effect service under N.H. Super. Ct. R. 4(c) was entered without prejudice, and that Perfetto was therefore able to refile a new action based on the Cascio claims. Perfetto disagrees that his case was dismissed without prejudice, pointing to the fact that the MCSC denied his motions to reopen in Cascio. He asserts that, therefore, he was prejudiced by the dismissal of that case, as the dismissal cost him the ability to litigate the claims he had asserted therein.

11

III. <u>Right of Access to the Courts and Right to Petition the Government for a Redress of Grievances</u>

A.   <u>Legal Standards</u>

The First Amendment protects a prisoner's right "to petition the Government for a redress of grievances," U.S. Const. amend. I, and "[t]he right of access to the courts is an established aspect of this right." Fabiano v Hopkins, 352 F.3d 446, 453 (1st Cir. 2003); see also Bounds v. Smith, 430 U.S. 817, 821 (1977) (It is well "established . . . that prisoners have a constitutional right of access to the courts."). In addition, denial of access to the courts for a pro se litigant may implicate the Sixth and Fourteenth Amendments. See Lewis v. Casey, 518 U.S. 343, 346 (1996).

However, "[t]he right of access to the courts, in the context of prisoners, is addressed only to a prisoner's right to attack his conviction and his right to challenge the conditions of his confinement." Riva v. Brasseur, No. 15-2554, 2016 WL 9650983, at *1, 2016 U.S. App. LEXIS 23932, at *3 (1st Cir. Sept. 12, 2016); see also Lewis, 518 U.S. at 355. Further, "an inmate alleging a violation of Bounds must show actual injury," Lewis, 518 U.S. at 349, which occurs when an inmate's "nonfrivolous legal claim [has] been frustrated or [] impeded," id. at 353.

12

B.    Nonfrivolous Claims Perfetto Was Entitled to Pursue

In his SAC, Perfetto sets forth a summary of eight conditions-of-confinement claims he asserted in Cascio, alleging that the defendants in that case violated his federal constitutional rights by denying him access to the courts, denying him magazines he had ordered, and overcharging him for photocopies. Perfetto has a right to file a lawsuit challenging such conditions of confinement. See Riva, 2016 WL 9650983, at *1, 2016 U.S. App. LEXIS 23932, at *3. And, for the purposes of resolving the instant motion to dismiss, the court assumes without deciding that Perfetto's claims in Cascio were nonfrivolous.


C.    Injury to Claims in *Cascio*

Perfetto alleges that the claims he asserted in Cascio were lost when, after the MCSC dismissed that case on August 30, 2016, one or more of the defendants delivered that order to him twelve days late, preventing him from filing a timely motion to reconsider the dismissal, thus causing him to lose the ability to litigate the claims asserted in that case.

13

### 1.  August 30, 2016 Order

The August 30, 2016 MCSC order dismissed Cascio pursuant to N.H. Super. Ct. R. 4(c), because Perfetto failed to effect service on the defendants in that case. The defendants here assert that, under those circumstances, Cascio was dismissed without prejudice. Perfetto disagrees. The order itself is silent as to whether the MCSC intended to dismiss Cascio with or without prejudice. See Cascio, Aug. 30, 2016 Order (doc. no. 26-10).

Under New Hampshire law, "[a] judgment entered 'with prejudice' constitutes a judgment on the merits of a matter, even if it resulted from a violation of a procedural rule and bars any attempt to revive the previous action." Riverbend Condo Assoc. v. Groundhog Landscaping & Prop. Maint., Inc., 173 N.H. 372, 375, 239 A.3d 989, 992 (2020). Accordingly, if the MCSC dismissed Cascio with prejudice, res judicata would bar Perfetto from filing the same claims against the same defendants in a later action. If, however, the MCSC dismissed Cascio without prejudice, that dismissal would not be "a final judgment on the merits," and thus would not prevent Perfetto from refiling his claims. Graham v. Eurosim Constr., No. 2021-0213, 2023 N.H. LEXIS 21, at *2, 2023 WL 2439630, at *1 (N.H. Mar. 10, 2023). In Graham, the NHSC held that "a dismissal order resulting from a plaintiff's violation of a court order or a procedural rule that

14

is silent as to prejudice will be deemed to be without prejudice and, therefore, not 'on the merits' for the purposes of res judicata in both the superior and circuit courts," finding that such a rule is "in the interests of justice." Id., 2023 N.H. LEXIS 21, at *12, 2023 WL 2439630, at *4.

Prior to the NHSC's ruling in Graham, however, and at the time of the August 30, 2016 MCSC order, New Hampshire did not have a definitive rule as to whether an order of dismissal that is based on procedural grounds and is silent with regard to prejudice should be deemed to have been entered with or without prejudice. Id., 2023 N.H. LEXIS 21, at *11-*12, 2023 WL 2439630, at *4. The NHSC has generally disfavored, however, dismissing a suit with prejudice where the plaintiff violated a procedural rule as counter to "the fundamental principle that, in New Hampshire, a party should not lose a case on a 'procedural technicality.'" Id., 2023 N.H. LEXIS 21, at *11, 2023 WL 2439630, at *4 (quoting In re Proposed Rules of Civ. Proc., 139 N.H. 512, 515, 659 A.2d 420 (1995)); see also Graham, 2023 N.H. LEXIS 21, at *13, 2023 WL 2439630, at *4 ("This rule is consonant with a fundamental principle underlying our court system: procedural technicalities should not thwart the administration of justice." (citation omitted)).

The MCSC's order dismissing Cascio for Perfetto's violation of Superior Court Rule 4(c), a procedural rule, was silent as to

15

whether the dismissal was with or without prejudice. In light of the long-standing rule in New Hampshire disfavoring dismissals "with prejudice" in such circumstances, Perfetto has not stated a claim upon which relief can be granted. He has not alleged any facts that would suggest that his circumstances were unique such that a dismissal with prejudice can be reasonably inferred. Accordingly, absent allegations that could plausibly suggest that the dismissal was intended to be with prejudice, Perfetto has not pleaded facts that could give rise to a plausible inference that he suffered an actual injury with respect to his claims in Cascio.

Moreover, as mentioned above, the MCSC found that Perfetto's October 2016 motion to reconsider was not only untimely but also failed to assert any basis for relief. Perfetto has not alleged that the contents of his motion to reconsider would have been different had he received the August 30, 2016 order earlier. Perfetto, therefore, has failed to plead facts which demonstrate the existence of an injury caused by the defendants, rather than by the substantive shortcomings of his motion to reconsider. Because Perfetto has not stated facts to demonstrate that any act or omission of any defendant in this case denied him the ability to access the courts and to petition the government for a redress of grievances in Cascio, he has failed to state a claim upon which relief might be granted based

16

on the alleged late delivery of the August 30, 2016 MCSC order. Accordingly, the court grants the supplemental motion to dismiss this action.

### 2.   July 6, 2016 Order

In their supplemental motion to dismiss, the defendants argue that, to the extent Perfetto is seeking to assert a new claim in this case based on his assertion that he never received the July 6, 2016 MCSC order, the court should not allow that claim to proceed because it is untimely and Perfetto has failed to account adequately for the untimeliness of that claim. Also, the defendants argue that Perfetto's allegation that he did not receive the July 6, 2016 MCSC order fails to state a claim for a denial of access to the courts.

In the SAC, Perfetto states that he never received the MCSC's July 6, 2016 order granting him permission to serve the Cascio defendants by certified mail. Perfetto asserts that, had he received that order, he would have asked the MCSC for an extension of time to effect service s that he could amass the funds necessary to pay for certified letters to each defendant. Perfetto opines that the MCSC would likely have granted him an extension, as it had granted his motions for extensions in the past. Had that scenario come to pass, Perfetto argues, this

17

action would not have been filed, because Cascio would not have been dismissed for failure to effect service.

Even accepting as true Perfetto's assertion that he did not receive the July 6, 2016 MCSC order, the court finds that, to the extent Perfetto asserts that he was unable to litigate the claims in Cascio, at least in part due to not receiving the July 6, 2016 MCSC order, he does not suggest that any act or omission of any NHSP staff member caused that injury. Therefore, to the extent that Perfetto seeks to add a claim to this action based on the fact that he did not receive the July 6, 2016 Order in his SAC, that request is denied.

## Conclusion

For the foregoing reasons, the court enters the following order:

1. The defendants' supplemental motion to dismiss (doc. no. 78) is deemed to have incorporated, by reference, the defendants' original motion to dismiss (doc. no. 26) to the extent that the original motion sought dismissal of Claim 3(b).

2. So construed, the defendants' supplemental motion to dismiss (doc. no. 78) is granted.

3. The defendants' motion to renew their original motion to dismiss (doc. no. 26) is denied as moot.

18

4.   This case is dismissed. The clerk's office is directed to enter judgment and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 30, 2023

cc:  Jonathan Andrew Perfetto, pro se
     Lawrence Gagnon, Esq.